The STATE of Ohio, Appellee,

v.

COE, Appellant.

[Cite as *State v. Coe*, 153 Ohio App.3d 44, 2003-Ohio-2732.]

Court of Appeals of Ohio,
Fourth District, Washington County.

No. 02CA39.

Decided May 22, 2003.

Alison L. Cauthorn, for appellee.

David H. Bodiker, State Public Defender, and Molly J. McAnespie, Assistant Public Defender, for appellant.

Per Curiam.

{¶ 1} This is an appeal from a Washington County Common Pleas Court judgment of conviction and sentence. The jury found Josie Coe, defendant below and appellant herein, guilty of escape in violation of R.C. 2921.34(A)(1).

{¶ 2} Appellant raises the following assignments of error:

### FIRST ASSIGNMENT OF ERROR:

"The evidence presented at Josie Coe's trial was insufficient and against the manifest weight of the evidence in violation of her right to due process under the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 16 of the Ohio Constitution."

## SECOND ASSIGNMENT OF ERROR:

"Josie Coe was denied her state and federal constitutional rights to due process and a fair trial when the trial court gave the jury improper 'acquittal first' instructions and placed the same instruction on the verdict forms in violation of the Fifth, Sixth and Fourteenth Amendments to the United States Constitution, and Article I, Sections 5 and 16 of the Ohio Constitution."

## THIRD ASSIGNMENT OF ERROR:

"Josie Coe was denied her constitutional right to effective assistance of counsel under the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Sections 10 and 16 of the Ohio Constitution when her trial attorney failed to make a motion for judgment of acquittal at the close of the state's case, or at the close of the defense case, or before the case was given to the jury, and when her trial attorney failed to object to the trial court's improper 'acquittal first' jury instructions."

{¶ 3} On December 15, 2001, appellant was arrested in Meigs County for driving while under the influence. Appellant was uncooperative, belligerent, and physically abusive with the arresting officers. In an attempt to subdue appellant, the officers maced her and wrestled her to the ground.

{¶ 4} Because the jail facilities in Meigs County do not accommodate women, the Meigs County Sheriff's Office decided to transport appellant to the Washington County Jail. The arresting officers called Meigs County Sheriff's Deputy James Stacy to transport appellant.

{¶ 5} Deputy Stacy cuffed appellant's hands in the front of her body, placed her in a transport van, and departed for Marietta. As the deputy approached Belpre, appellant began complaining that her handcuffs were too tight. Deputy Stacy decided to stop at a truck stop to adjust appellant's handcuffs.

{¶ 6} Shortly after leaving the truck stop, Deputy Stacy received a phone call from the Meigs County Sheriff's Office advising him that a knife was missing from the area where appellant had washed the mace away from her face. The caller cautioned the deputy that appellant may have taken the knife. Deputy Stacy thus decided to stop at a gas station in Belpre to check to see whether appellant had the knife.

{¶ 7} Once the deputy stopped the van at the gas station, the van door opened and appellant started exiting the van. Deputy Stacy tried to return appellant to the van, but she was uncooperative. Appellant yelled and screamed at the deputy that she did not "want to go" and complained that her handcuffs were too tight. Appellant remained uncooperative and Deputy Stacy warned her that if

she refused to cooperate and return to the van, he would mace her. Deputy Stacy ultimately used the mace and then decided to call for assistance.

{¶ 8} Ohio State Highway Patrol Trooper Seabolt arrived on the scene and tried to help Deputy Stacy to subdue appellant. Appellant continued to be uncooperative, however. After the trooper threatened to mace her again, she decided to return to the van.

{¶ 9} Belpre Police Sergeant Earnest D. Clevenger also arrived at the gas station. Sergeant Clevenger noticed that appellant did not want to return to the van. The sergeant observed appellant sit in the van's doorway with her feet on the ground. Sergeant Clevenger stated that once Deputy Stacy and Trooper Seabolt persuaded appellant to return inside the van, she kept trying to exit and opening the door. He stated that each time the officers slid the door shut, appellant reached out, grabbed it, and pulled it open.

{¶ 10} During the encounter, Trooper Seabolt advised Deputy Stacy that the Washington County Jail would not accept an inmate who had been maced unless the inmate first went to the hospital. Trooper Seabolt stated that he would escort Deputy Stacy to the hospital.

{¶ 11} As Deputy Stacy drove toward the hospital, the van door opened. The door opened when the van rounded a curve at approximately forty to forty-five miles per hour. When the deputy heard the door open, he applied the brakes, which forced the door to shut. The door then opened again and appellant fell out of the van while hanging on to the door handle.

{¶ 12} On February 14, 2002, the Washington County Grand Jury returned an indictment charging appellant with escape, in violation of R.C. 2921.34(A)(1).[1] Appellant initially entered a guilty plea, but subsequently withdrew her plea, and the case proceeded to trial.

{¶ 13} On June 25, 2002, the trial court held a jury trial. The state presented the testimony of Deputy Stacy, Trooper Seabolt, and Sergeant Clevenger, all of whom testified that appellant was uncooperative throughout her journey to the Washington County Jail and that appellant's actions and words indicated that she did not want to go to jail.

{¶ 14} After closing arguments, the trial court instructed the jury on both escape and a lesser included offense of disorderly conduct. In advising the jury how to consider the greater and lesser offenses, the trial court instructed the jury:

"In the event you find the Defendant, Josie Coe, not guilty of the charge of escape, then and only in that event, you must continue your deliberations to

---

1. The indictment incorrectly cited the statute as R.C. 2921.24(A)(1).

determine whether or not the Defendant, Josie Coe, is guilty of the lesser included offense of disorderly conduct."

{¶ 15} The trial court further instructed the jury how to complete the verdict forms for both the greater and lesser offenses. The court quoted the verdict form, with interjections in italics:

" 'We, the undersigned jurors, upon the concurrence of all of our members' —*a verdict has to be unanimous in a criminal case*— 'find that the Defendant, Josie Coe, is' —there's an asterisk and a blank line, right down here it says, 'insert in ink, either 'guilty' or 'not guilty' as you determine the case to be.' * * *

"* * *

"If you find her not guilty, you skip the second part and go to the third part, which is lesser included. And that is, 'In the event you find the Defendant, Josie Coe, not guilty of the charge of escape as charged in [the] indictment, then and only then, you must continue your deliberations to consider whether or not the State proved beyond a reasonable doubt all of the essential elements of the lesser included offense of disorderly conduct.' "

{¶ 16} Appellant's trial counsel did not object to the trial court's instructions and expressed satisfaction.

{¶ 17} On June 25, 2002, the jury found appellant guilty of escape. The trial court subsequently sentenced appellant to eleven months in prison. Appellant filed a timely notice of appeal.

I

{¶ 18} In her first assignment of error, appellant asserts that insufficient evidence exists to support her conviction and that her conviction is against the manifest weight of the evidence. Appellant essentially complains that because no direct evidence exists that she opened the door, the evidence was insufficient and against the manifest weight.

A

SUFFICIENCY OF THE EVIDENCE

{¶ 19} We initially note that appellant failed to move for a Crim.R. 29(A) judgment of acquittal. In the past, this court[2] and numerous other Ohio

---

**2.** *State v. O'Connell,* Washington App. No. 01CA24, 2003-Ohio-550, 2003 WL 246000; *State v. Dillon,* Athens App. No. 01CA54, 2002-Ohio-4990, 2002 WL 31154803; *State v. Jordan* (Dec. 13, 2001), Scioto App. No. 00CA2748, 2001 WL 1627980.

appellate courts,[3] relying primarily upon *State v. Roe* (1989), 41 Ohio St.3d 18, 25, 535 N.E.2d 1351,[4] and *Dayton v. Rogers* (1979), 60 Ohio St.2d 162, 163, 14 O.O.3d 403, 398 N.E.2d 781,[5] have held that if a criminal defendant fails to timely file a Crim.R. 29 motion for acquittal, the defendant waives any error, absent plain error, as to sufficiency of the evidence.[6] In two apparently little-recognized cases, however, the Ohio Supreme Court stated that a failure to timely file a Crim.R. 29(A) motion during a jury trial does not waive an argument on appeal concerning the sufficiency of the evidence. See *State v. Jones* (2001), 91 Ohio St.3d 335, 346, 744 N.E.2d 1163; *State v. Carter* (1992) 64 Ohio St.3d 218, 223, 594 N.E.2d 595. In both *Jones* and *Carter*, the Ohio Supreme Court stated that the defendant's "not guilty" plea preserves his right to object to the alleged insufficiency of the evidence. Id. Moreover, because "a conviction based on legally

---

3. See, e.g., *State v. Dokes*, Summit App. No. 21179, 2003-Ohio-728, 2003 WL 356308; *State v. Varner*, Summit App. No. 21056, 2003-Ohio-719, 2003 WL 357526; *State v. Blackburn*, Trumbull App. No. 2001–T–0052, 2003-Ohio-605, 2003 WL 261756; *State v. McDermott*, Stark App. No. 2002CA00110, 2002-Ohio-6982, 2002 WL 31819660; *State v. Hibbler*, Clark App. No. 2001CA43, 2002-Ohio-4464, 2002 WL 2009391; *State v. Madden*, Franklin App. No. 01AP–1470, 2002 WL 1625680; *State v. Harris*, Belmont App. No. 00BA26, 2002-Ohio-2411, 2002 WL 1065954; *State v. Duffield*, Portage App. No. 2000–P–0112, 2002-Ohio-1958, 2002 WL 603143; *State v. Dixon* (Feb. 8, 2002), Montgomery App. No. 18582, 2002 WL 191582; *State v. McAlphine* (Jan. 24, 2002), Cuyahoga App. No. 79216; *State v. Ferguson* (Mar. 16, 2001), Fulton App. No. F–00–018, 2001 WL 256131; *State v. Calvin* (July 24, 2000), Marion App. No. 9–2000–07, 2000 WL 1049316;

4. We note that the Ohio Supreme Court has never explicitly overruled the proposition set forth in *Roe*, that a criminal defendant's failure "to timely file a Crim.R. 29 motion for acquittal" waives a sufficiency of the evidence argument on appeal.

5. Overruled on other grounds by *State v. Lazzaro* (1996), 76 Ohio St.3d 261, 667 N.E.2d 384.

6. {¶ a} The rationale for requiring a criminal defendant to timely file a Crim.R. 29(A) motion at trial is to call the trial court's attention to the alleged insufficiency of the evidence and allow the error to be corrected, if possible. See, generally, *State v. Joseph* (1995), 73 Ohio St.3d 450, 455, 653 N.E.2d 285; *State v. Lott* (1990), 51 Ohio St.3d 160, 174, 555 N.E.2d 293; *State v. Gordon* (1971), 28 Ohio St.2d 45, 57 O.O.2d 180, 276 N.E.2d 243, at paragraph two of the syllabus. As the court stated in *Seven Hills v. Willits* (Dec. 2, 1999), Cuyahoga App. No. 75444, 1999 WL 1087484:
   "A court may only prevent or correct potential errors when they are timely brought to the court's attention. A defendant should not be permitted to benefit from an alleged error by waiting to raise the objection until there is no opportunity for the trial court to correct it."
   {¶ b} As an example, we can conceive of a criminal case in which the prosecution fails to present evidence regarding venue. If the defendant moves for a judgment of acquittal at the close of the prosecution's case, the defendant brings to the trial court's attention the prosecution's failure to present evidence regarding venue. The trial court may then either grant the defendant's motion and dismiss the case or it may, under certain circumstances, permit the prosecution to reopen its case and to present evidence regarding venue. If, however, the defendant fails to timely file a Crim.R. 29(A) motion and instead waits until appeal to raise the prosecution's failure to present evidence regarding venue, the error cannot be corrected at the trial court level.

insufficient evidence constitutes a denial of due process," *State v. Thompkins* (1997), 78 Ohio St.3d 380, 386–387, 678 N.E.2d 541, a conviction based upon insufficient evidence would almost always amount to plain error. See *State v. Hermann,* Erie App. No. E–01–039, 2002-Ohio-7307, 2002 WL 31888210, ¶ 24; *State v. Casto,* Washington App. No. 01CA25, 2002-Ohio-6255, 2002 WL 31538799; State v. Arrowood (Sept. 27, 1993), Pike App. No. 93CA505, 1993 WL 386328, at 6.

{¶ 20} Thus, in the case sub judice, although appellant failed to file a Crim.R. 29(A) motion for judgment of acquittal, we will nonetheless consider her argument that the state failed to present sufficient evidence to support her conviction.

{¶ 21} When an appellate court reviews the sufficiency of the evidence, the inquiry focuses primarily upon the adequacy of the evidence; that is, whether the evidence, if believed, reasonably could support a finding of guilt beyond a reasonable doubt. See *State v. Thompkins* (1997), 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (stating that "sufficiency is a test of adequacy"); *State v. Jenks* (1991), 61 Ohio St.3d 259, 273, 574 N.E.2d 492. The standard of review is whether, after viewing the probative evidence and inferences reasonably drawn therefrom in the light most favorable to the prosecution, any rational trier of fact could have found all the essential elements of the offense beyond a reasonable doubt. See *State v. Issa* (2001), 93 Ohio St.3d 49, 66, 752 N.E.2d 904 (citing *Jackson v. Virginia* [1979], 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560; *Jenks,* 61 Ohio St.3d at 273, 574 N.E.2d 492). Furthermore, a reviewing court is not to assess "whether the state's evidence is to be believed, but whether, if believed, the evidence against a defendant would support a conviction." *Thompkins,* 78 Ohio St.3d at 390, 678 N.E.2d 541 (Cook, J., concurring). Reviewing courts will not overturn convictions on sufficiency-of-evidence claims unless reasonable minds could not reach the conclusion reached by the trier of fact. See *State v. Tibbetts* (2001), 92 Ohio St.3d 146, 749 N.E.2d 226; *State v. Treesh* (2001), 90 Ohio St.3d 460, 739 N.E.2d 749.

{¶ 22} Moreover, in reviewing sufficiency-of-the-evidence claims, courts must remain mindful that the elements of an offense may be established by direct evidence, circumstantial evidence, or both. See *State v. Durr* (1991), 58 Ohio St.3d 86, 568 N.E.2d 674. Circumstantial and direct evidence are of equal evidentiary value. See *Jenks,* 61 Ohio St.3d at 272, 574 N.E.2d 492 ("Circumstantial evidence and direct evidence inherently possess the same probative value. In some instances certain facts can only be established by circumstantial evidence."). When reviewing the value of circumstantial evidence, we note that "the weight accorded an inference is fact-dependent and can be disregarded as speculative only if reasonable minds can come to the conclusion that the inference is not

supported by the evidence." *Wesley v. The McAlpin Co.* (May 25, 1994) Hamilton App. No. C–930286, 1994 WL 201825, (citing *Donaldson v. Northern Trading Co.* [1992], 82 Ohio App.3d 476, 483, 612 N.E.2d 754).

{¶ 23} Employing the above standard, we believe that in the case sub judice, the state presented sufficient evidence from which a jury could conclude, beyond a reasonable doubt, that appellant committed escape. R.C. 2921.34(A)(1) sets forth the offense of escape. The statute provides as follows:

"(A)(1) No person, knowing the person is under detention or being reckless in that regard, shall purposely break or attempt to break the detention, or purposely fail to return to detention, either following temporary leave granted for a specific purpose or limited period, or at the time required when serving a sentence in intermittent confinement."

{¶ 24} Appellant focuses her sufficiency argument on whether the state presented sufficient evidence to establish that she purposely broke or attempted to break her detention. Appellant claims that because no one saw appellant open the door, insufficient evidence exists to establish that she purposely broke or attempted to break her detention. We disagree with appellant.

{¶ 25} The state presented ample circumstantial evidence that appellant opened the door and thus that she purposely broke or attempted to break her detention. Obviously, appellant did not want to go to jail. Appellant was uncooperative with all of the law enforcement officers that she encountered. She screamed that she did not "want to go." She refused to return to the van when so instructed. She sat defiantly in the van's doorway when the officers tried to persuade her to return the van. Moreover, common sense suggests that van doors do not spontaneously open. The jury viewed the van and could have determined, upon viewing the van, that the door could not have opened on its own or that appellant could not have hit it by accident. The jury was in the best position to see the van and determine the facts. We are ill-equipped to second-guess the jury's decision. See, e.g., *State v. Noling* (2002), 98 Ohio St.3d 44, 54, 781 N.E.2d 88 (stating that the jury has the primary responsibility to weigh the evidence and assess the credibility of the witnesses).

{¶ 26} Consequently, we disagree with appellant that the state failed to present sufficient evidence that she purposely broke or attempted to break her detention. Rather, we believe that the record contains sufficient evidence to support appellant's escape conviction.

B

MANIFEST WEIGHT OF THE EVIDENCE

{¶ 27} Appellant further claims that her conviction is against the manifest weight of the evidence. When an appellate court considers a claim that a

conviction is against the manifest weight of the evidence, the court must dutifully examine the entire record, weigh the evidence, and consider the credibility of witnesses, while bearing in mind that credibility generally is an issue for the trier of fact to resolve. See *Issa,* 93 Ohio St.3d at 67, 752 N.E.2d 904; *State v. Thomas* (1982), 70 Ohio St.2d 79, 80, 24 O.O.3d 150, 434 N.E.2d 1356; *State v. DeHass* (1967), 10 Ohio St.2d 230, 39 O.O.2d 366, 227 N.E.2d 212, paragraph one of the syllabus. Once the reviewing court finishes its examination, the court may reverse the judgment of conviction only if it appears that the fact finder, in resolving conflicts in evidence, " 'clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.' " *Thompkins,* 78 Ohio St.3d at 387, 678 N.E.2d 541 (quoting *State v. Martin* [1983], 20 Ohio App.3d 172, 175, 20 OBR 215, 485 N.E.2d 717). If the state presented substantial evidence upon which the trier of fact reasonably could conclude, beyond a reasonable doubt, that the essential elements of the offense had been established, the judgment of conviction is not against the manifest weight of the evidence. See *State v. Eley* (1978), 56 Ohio St.2d 169, 10 O.O.3d 340, 383 N.E.2d 132, syllabus.

{¶ 28} After our review of the record in the case sub judice, we find substantial, competent, and credible evidence upon which the trier of fact reasonably could conclude that the state established, beyond a reasonable doubt, the essential elements of escape. The jury did not clearly lose its way and create a manifest miscarriage of justice.

{¶ 29} As we stated above, the state presented ample evidence to show that appellant did not want to go to jail and the lengths that she went to in her attempt to avoid going to jail. While we again note that no direct evidence exists to show that appellant opened the door, circumstantial evidence supports the jury's conclusion that appellant, indeed, opened the door. Appellant was the only person who had access to the door handle when the door opened. Common sense suggests that doors do not open of their own accord. Given the foregoing, we cannot state that the jury committed such a miscarriage of justice that we must reverse appellant's conviction.

{¶ 30} Accordingly, based upon the foregoing reasons, we overrule appellant's first assignment of error.

## II

{¶ 31} In her second assignment of error, appellant asserts that the trial court's jury instructions and verdict forms amounted to improper "acquittal first" instructions. Specifically, appellant claims that the trial court erroneously in-

structed the jury that it must first acquit appellant of the greater offense (escape) before it could consider the lesser offense (disorderly conduct).[7]

{¶ 32} Initially, we note that appellant failed to object to either the jury instructions or to the verdict forms. Therefore, absent plain error, appellant has waived the argument concerning the trial court's alleged improper acquittal first instructions. See Crim.R. 52(B).

{¶ 33} Under Crim.R. 52(B), "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." For a reviewing court to find plain error, the following three conditions must exist: (1) an error in the proceedings; (2) the error must be plain, i.e., the error must be an "obvious" defect in the trial proceedings; and (3) the error must have affected "substantial rights," i.e., the trial court's error must have affected the outcome of the trial. See, e.g., *Noling* 98 Ohio St.3d at 56, 781 N.E.2d 88; *State v. Barnes* (2001), 94 Ohio St.3d 21, 27, 759 N.E.2d 1240; *State v. Sanders* (2001), 92 Ohio St.3d 245, 257, 750 N.E.2d 90; *State v. Hill* (2001), 92 Ohio St.3d 191, 200, 749 N.E.2d 274. Furthermore, the Ohio Supreme Court has stated that Crim.R. 52(B) is to be invoked "with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *State v. Landrum* (1990), 53 Ohio St.3d 107, 111, 559 N.E.2d 710; see, also, *State v. Long* (1978), 53 Ohio St.2d 91, 7 O.O.3d 178, 372 N.E.2d 804, paragraph three of the syllabus. A reviewing court should consider noticing plain error only if the error " ' "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." ' " *Barnes*, 94 Ohio St.3d at 27, 759 N.E.2d 1240 (quoting *United States v. Olano* [1993], 507 U.S. 725, 736, 113 S.Ct. 1770, 123 L.Ed.2d 508, quoting *United States v. Atkinson* [1936], 297 U.S. 157, 160, 56 S.Ct. 391, 80 L.Ed. 555).

{¶ 34} When a reviewing court examines a trial court's jury instructions, " 'a single instruction to a jury may not be judged in artificial isolation, but must be viewed in the context of the overall charge.' " *State v. Madrigal* (2000), 87 Ohio St.3d 378, 396, 721 N.E.2d 52 (quoting *Cupp v. Naughten* [1973], 414 U.S. 141, 146–147, 94 S.Ct. 396, 38 L.Ed.2d 368; *State v. Price* [1979], 60 Ohio St.2d 136, 14 O.O.3d 379, 398 N.E.2d 772, paragraph four of the syllabus); see, also, *State v. Lewis* (1993), 67 Ohio St.3d 200, 203, 616 N.E.2d 921. Thus, the reviewing court must consider the jury instructions "as a whole" and then determine whether the jury charge probably misled the jury in a matter materially affecting the complaining party's substantial rights. *Becker v. Lake Cty. Mem. Hosp. West* (1990), 53 Ohio St.3d 202, 208, 560 N.E.2d 165; see, also, *State v. Noggle* (2000),

---

7. The prosecution did not challenge on appeal the trial court's decision to instruct the jury on disorderly conduct as a lesser included offense of escape.

140 Ohio App.3d 733, 750, 749 N.E.2d 309. We conduct our review of appellant's second assignment of error accordingly.

{¶ 35} A trial court may not instruct a jury that it must unanimously acquit a criminal defendant of a greater offense before it may consider a lesser offense. See *State v. Thomas* (1988), 40 Ohio St.3d 213, 533 N.E.2d 286, paragraph three of the syllabus; see, also, *State v. Franklin,* 97 Ohio St.3d 1, 2002-Ohio-5304, 776 N.E.2d 26, ¶ 71. In *Thomas,* the Ohio Supreme Court held that while "[a] jury must unanimously agree that the defendant is guilty of a particular criminal offense before returning a verdict of guilty on that offense," the jury need not unanimously agree that the defendant is not guilty of the crime charged before considering a lesser included offense. Id. Rather, the court stated that if the jury is unable to agree on a verdict with respect to the greater offense, it may consider the lesser offense. Id. Thus, a jury instruction does not constitute an improper acquittal-first instruction if the instruction does not require unanimous acquittal on the crime charged before the jury may consider the lesser included offense. See id.; *State v. Allen* (1995), 73 Ohio St.3d 626, 638, 653 N.E.2d 675.

{¶ 36} In *Thomas,* the Ohio Supreme Court determined that the following jury instruction did not constitute an improper acquittal-first instruction:

"If you find that The State has proven beyond a reasonable doubt all of the essential elements of the crime of aggravated murder, then your verdict must be that the Defendant is guilty of aggravated murder; and you will not consider the lesser offense.

"However, if you find that The State has failed to prove beyond a reasonable doubt the element of prior calculation and design, then your verdict must be that the Defendant is not guilty of aggravated murder.

"You will then proceed with your deliberations and decide whether The State has proven beyond a reasonable doubt all of the essential elements of the lesser crime of murder." Id. at 220, 24 O.O.3d 150, 434 N.E.2d 1356.

{¶ 37} The *Thomas* court concluded that the jury instruction did not amount to an improper acquittal first instruction because it did "not expressly require unanimous acquittal on the charged crime, but rather addresse[d] possible disagreement by the jury on the element of prior calculation and design and a corresponding inability to reach a verdict of guilty of aggravated murder." Id. The court held that the instruction was not prejudicial to the defendant because it had "negligible coercive potential" and spoke to the "jury's inability to find, whether unanimously or not, a certain element of a greater offense." Id. Since the Ohio Supreme Court decided *Thomas,* the court has had several occasions to review alleged acquittal first instructions. For example, in *Allen,* supra, the Ohio

Supreme Court determined that the following jury instruction did not constitute an improper acquittal first instruction: "If you find the defendant not guilty of aggravated murder, you will then proceed with your deliberations and determine whether * * * the defendant is guilty or not guilty of murder." Id.

{¶ 38} The *Allen* court concluded that although the instruction was "not ideal," the instruction nevertheless did not "require unanimous acquittal on the crime charged before the jury [could] move on to consider the lesser included offense." (Footnote omitted.) Id. at 638, 653 N.E.2d 675. The court noted, however, that "[a] better instruction would incorporate the 'inability to agree' language adopted in *Thomas*." Id. at fn. 4.

{¶ 39} In *State v. Stallings* (2000), 89 Ohio St.3d 280, 293, 731 N.E.2d 159, the court concluded that the following instruction did not constitute an improper acquittal first instruction: "If you find the State * * * failed to prove purpose in the aggravated murder count, *or if you are unable to agree,* you will continue your deliberation and consider the lesser and included offense of involuntary manslaughter." (Emphasis sic.) In concluding that the foregoing instruction did not constitute an improper acquittal-first instruction, the *Stallings* court noted that the trial court "never suggested that the jury must unanimously find the accused not guilty of aggravated murder before considering the lesser offense of manslaughter." Id.

{¶ 40} In *State v. Franklin*, 97 Ohio St.3d 1, 2002-Ohio-5304, 776 N.E.2d 26, the Ohio Supreme Court determined that the following instruction did not constitute an improper acquittal first instruction:

"If you find the State proved beyond a reasonable doubt all of the essential elements of the offense of Aggravated Murder as charged in any one or more of the Counts of the Indictment, then your Verdict must be Guilty of that offense, and in that event, you will not consider any lesser charge.

"If you find that the State failed to prove beyond a reasonable doubt Aggravated Murder, or if you are unable to agree that the State proved Aggravated Murder, you will proceed with your deliberations and decide whether the State has proved beyond a reasonable doubt the elements of the lesser included offense of Murder." Id. at ¶ 69–70.

{¶ 41} The court concluded that the jury instruction did not constitute an improper acquittal first instruction because "[t]he instruction was clear that the jury could proceed with deliberations to consider the lesser included offense of murder only if it was 'unable to agree' that appellant was guilty of aggravated murder." Id. The court stated that "[t]here should have been no doubt in the jurors' minds that they need not unanimously dismiss the aggravated murder charge before they could address the lesser charge." Id. Intermediate appellate courts have upheld similar "if you find" instructions that contained no indication

that the jurors must unanimously agree that the defendant is not guilty of the greater offense before considering the lesser offense. See *State v. Crowley*, 151 Ohio App.3d 249, 2002-Ohio-7366, 783 N.E.2d 970; *State v. Davis* (Mar. 22, 2002), Hamilton App. No. C–010477, 2002 WL 440790; *State v. Wright* (Nov. 13, 2001), Franklin App. No. 00AP–985, 2001 WL 1403022; *State v. Stevenson* (July 21, 2000), Erie App. No. E–94–002, 2000 WL 1005213; *State v. Roe* (Sept. 22, 1992), Franklin App. No. 92AP–334, 1992 WL 246023; *State v. Greene* (Mar. 31, 1998), Franklin App. No. 90AP–646, 1998 WL 151809 (recognizing that " '[w]hat is of significance is that nowhere in the instructions were the jurors expressly told that they must unanimously find [the defendant] not guilty of a greater offense before they could consider a lesser offense' ").

{¶ 42} In *Crowley*, for example, the court determined that the following jury instructions did not constitute improper acquittal first instructions:

"Now, we're going to get to the issue of the lesser-included offense. This is a lesser-included offense of the offense of murder. This is reckless homicide. You heard some discussion about it during closing arguments.

"If you fail to find that the state proved beyond a reasonable doubt the elements of either purposely or knowingly of the offense of murder, you should find the defendant not guilty of murder and consider the lesser-included offense of reckless homicide.

"If any of you took geometry, this is like sort of like a geometric theorem. Then you go to this, if this, not this.

"Before you can find the defendant guilty of reckless homicide, you must find beyond a reasonable doubt that on or about the 11th day of May, 2001; in Franklin County, Ohio; the defendant recklessly caused the death of Ryan Morbitzer.

"This paragraph contains the element of the offense of reckless homicide. You will only get to this if you find the defendant not guilty of aggravated murder and not guilty of murder.

"Notwithstanding your consideration of the lesser-included offenses, it is your duty to accept the law as given to you by the court. If the facts and the law warrant a conviction of the greater offense, it is your duty to return that verdict, uninfluenced by your power to find the defendant guilty of a lesser offense.

"You're not to find the defendant guilty of a lesser offense as a compromise. But rather, you are to find the defendant guilty of a lesser offense only if the evidence fails to prove the greater offense, but proves the lesser offense, and again, this is all beyond a reasonable doubt in your standard of proof." Id. at ¶ 18–24.

{¶ 43} The *Crowley* court determined that the foregoing jury instruction were similar to the instructions in *Thomas*. The court concluded that the instructions "did not require the jury to unanimously acquit [the defendant] on the aggravated murder and murder charges before it could consider the lesser included offense of involuntary manslaughter." Id. at ¶ 33.

{¶ 44} In *State v. Jones,* Cuyahoga App. No. 80841, 2002-Ohio-6635, 2002 WL 31722302, the court concluded that the following jury instructions did not constitute improper acquittal first instructions:

"Now, if you find that the State proved beyond a reasonable doubt all the essential elements of any one or both of the offenses charged in the separate counts, your verdict must be guilty as to that offense or offenses according to your findings.

"If you find that the State failed to prove beyond a reasonable doubt any one of the essential elements of any one or both of the offenses charged in the separate counts in the indictment, your verdict must be not guilty as to such offense or offenses according to your finding.

"The charges set forth in each count in the indictment constitute separate and distinct matters, and you must consider each count and evidence applicable to each count separately and you must state your findings as to each count uninfluenced by your verdict as to the other count. The defendant may be guilty of any one or all of the offenses charged.

"Now, you've heard some testimony about a fight, which, if believed by you, you must further consider the offense of felonious assault (sic). If you find that the State proved beyond a reasonable doubt all of the essential elements of the offense of felonious assault, your verdict must be guilty as charged; however, if you find that the State failed to prove beyond a reasonable doubt all the essential elements of felonious assault, then your verdict must be not guilty of that offense and in that event, you will continue your deliberations to decide whether the State proved beyond a reasonable doubt all the essential elements of the lesser offense of aggravated assault.

"For the purpose of this case, the offense of aggravated assault is distinguished from felonious assault by the presence of sudden passion or sudden fit of rage on the part of the defendant brought on by serious provocation occasioned by the victim.

"An aggravated assault therefore occurs when the defendant knowingly causes serious physical harm to another while under the influence of sudden passion or in a sudden rage either of which was brought on by serious provocation occasioned by the victim that was reasonably sufficient to incite the defendant into using deadly force." Id. at ¶ 21–26.

{¶ 45} The court then defined the elements of aggravated assault. The court continued:

"If you find beyond a reasonable doubt that the State proved all the essential elements of felonious assault, but if you decide from all the evidence that the defendant acted under the influence of sudden passion or in a sudden fit of rage, either of which was brought on by serious provocation occasioned by Richard Carr or provocation that was reasonably sufficient to incite the defendant into using deadly force, then your verdict must be guilty of aggravated assault.

"If you determine from all the evidence that the defendant did not act under the influence of sudden passion or in a sudden fit of rage brought on by the provocation just described, then your verdict must be guilty.

"So you will do the analysis as to the felonious assault first, then consider the mitigating factor. If you find him guilty of felonious assault, consider the mitigating factor of provocation, etc.

"Now, the purpose of submitting the lesser offense if the evidence warrants it, you may find the defendant guilty of the offense lesser than that charged in the indictment; however, not withstanding this right, it is your duty to accept the law as it is given to you. And if the facts and the law warrant a conviction of the offense charged in the indictment, namely felonious assault, then it is your duty to make such a finding uninfluenced by your power to find a lesser offense.

"This provision is not designed to relieve you from the performance of an unpleasant duty. It is included to prevent the failure of justice if the evidence fails to prove the original charge but does justify a verdict of the lesser charge." Id. at ¶ 28–32.

{¶ 46} The trial court further instructed the jury as to how to complete the verdict forms:

"Count 2 of the verdict form reads the same [i.e., 'We the jury find the defendant * * *], [sic] there's a space to make the determination whether the defendant is guilty or not guilty of felonious assault as charged in count 2 and then according to the instructions that I have just given you, if you find the defendant guilty beyond a reasonable doubt of felonious assault and you also find beyond a reasonable doubt the provocation exists, the mitigating factor, then you may consider the lesser offense of aggravated assault and enter your finding, either guilty or not guilty, of the lesser offense." Id. at ¶ 34.

{¶ 47} The *Jones* court noted that the trial court's instruction that "if you find that the State failed to prove beyond a reasonable doubt all the essential elements of felonious assault, then your verdict must be not guilty of that offense *and in that event,* you will continue your deliberations to decide whether the

State proved beyond a reasonable doubt all the essential elements of the lesser offense of aggravated assault" could have suggested "that the jury was instructed first to consider felonious assault and second to consider aggravated assault." (Emphasis sic.)   Id. at ¶ 40 The court nevertheless concluded that the jury instructions, as a whole, did not require the jury to unanimously acquit the defendant of the greater charge before considering the lesser charge.

{¶ 48} In *State v. Gamble,* Hamilton App. No. C–010463, 2002-Ohio-1981, 2002 WL 440785, the court determined that the following jury instruction did not constitute an improper acquittal first instruction:

"If, however, you find that the State failed to prove beyond a reasonable doubt any one of the essential elements of the offense of Breaking and Entering, your verdict must be not guilty of Breaking and Entering and you will then proceed with your deliberations and decide whether the State has proven beyond a reasonable doubt all of the essential elements of the lesser offense of Criminal Trespass."

{¶ 49} The *Gamble* court concluded that above instruction sufficiently resembled the instructions that the Ohio Supreme Court approved of in *Thomas.*   The court noted that nowhere in the instructions did the trial court inform the jury that it must unanimously acquit the defendant of the greater offense before considering the lesser offense.

{¶ 50} In *State v. Wright* (Nov. 13, 2001), Franklin App. No. 00AP–985, 2001 WL 1403022, the court concluded that the trial court's jury instructions and verdict form did not amount to improper acquittal-first instructions.   The trial court instructed the jury that "if you find that the state has failed to prove purpose to kill but proved causation and death, you may also consider involuntary manslaughter as a lesser offense of aggravated murder."   Part of the verdict form read as follows: "We, the jury in this case, find the Defendant Quantez Wright not guilty of Aggravated Murder but guilty of the lesser offense of Involuntary Manslaughter * * *."   The *Wright* court concluded that the jury instructions and the verdict form contained appropriate "if you find" language and did not expressly require the jury to unanimously acquit the defendant of the greater offense before considering the lesser offense.

{¶ 51} In *State v. Overton* (May 5, 2000), Lucas App. No. L–98–1410, 2000 WL 543227, the court concluded that the following instruction did not constitute an improper acquittal first instruction:

"If you find the State failed to prove beyond a reasonable doubt any one of the essential elements of the offense of felonious assault then of course your verdict must be not guilty.

"If you find that the State proved beyond a reasonable doubt all of the essential elements of the offense of felonious assault then your verdict must be guilty. If you find that the State failed to prove beyond a reasonable doubt any one of the essential elements of felonious assault as I said your verdict must be guilty—not guilty of that offense, then in that event you will continue your deliberations and decide whether the State has proved beyond a reasonable doubt all of the essential elements of the lesser included offense of assault."

{¶ 52} The court concluded that the jury instructions "sp[oke] to the jury's inability to find, whether unanimously or not, a certain element of the greater offense." The court further rejected the defendant's argument "that the court's addressing the jury in the collective remove[d] from the individual jurors the ability to disagree on any one element of the greater offense before considering the lesser offense."

{¶ 53} In contrast to the foregoing cases that have concluded that the trial court did not give an improper acquittal first instruction, the court in *State v. Villa*, Montgomery App. No. 18868, 2002-Ohio-2939, 2002 WL 1332774, appeal disallowed, 96 Ohio St.3d 1525, 2002-Ohio-5099, 775 N.E.2d 864, concluded that the trial court's instruction did constitute an improper acquittal first instruction. The trial court instructed the jury:

"If you find that the State proved beyond a reasonable doubt all the essential elements of the offense of Rape of a Person Under the Age of Thirteen, your Verdict must be Guilty. If you find that the State failed to prove beyond a reasonable doubt any one of the essential elements of the offense of Rape of a Person Under the Age of Thirteen, then your Verdict must be Not Guilty.

"If you find the Defendant Guilty of Rape of a Person Under the Age of Thirteen, you need not consider the lesser-included offense of Gross Sexual Imposition of a Person Under the Age of Thirteen. However, if you find the Defendant Not Guilty of Rape of a Person Under the Age of Thirteen, you must consider the lesser-included offense of Gross Sexual Imposition of a Person Under the Age of Thirteen."

{¶ 54} The *Villa* court stated:

"Had the trial court stopped there, we might agree with the state that the instruction did not expressly require the jury to unanimously agree on the rape charge before considering the gross sexual imposition charge. However, the trial court continued, stating, 'The second Verdict Form you have—and again, *you will not consider this—this second Verdict Form unless you find the Defendant Not Guilty of the offense of Rape of a Person Under the Age of Thirteen.*'" (Emphasis sic.) Id.

{¶ 55} The court concluded that the above instruction "clearly required the jury to acquit Villa on the rape charge before considering the gross sexual imposition charge." The court therefore concluded that the instruction constituted an improper acquittal-first instruction. The court ultimately, however, determined that the trial court's subsequent curative instruction remedied the error in giving the acquittal-first instruction. During deliberations, the jury submitted the following question to the trial court: "Your Honor, if we cannot come to a unanimous decision on the Rape charge of [the victim], are we allowed to go to the charge G.S.I.?" The court replied, "Yes, you must reach a unanimous verdict." The parties eventually agreed that the trial court's answer was incorrect. Within a half hour of the earlier answer, the court then called the jury into the courtroom and read the following instruction:

> "The court, after further research, has concluded that you may consider the lesser-included charge of Gross Sexual Imposition of a Person Under the Age of Thirteen, if you cannot reach a unanimous Verdict on the charge of Rape of a Person Under the Age of Thirteen."

{¶ 56} The appellate court thus concluded that the trial court's final instruction on the matter was correct and cured the defect with the prior instructions.

{¶ 57} In the case at bar, we believe that the trial court's instruction constitutes an improper acquittal-first instruction. In advising the jury how to consider the greater and lesser offenses, the trial court instructed the jury:

> "In the event you find the Defendant, Josie Coe, not guilty of the charge of escape, then and *only in that event*, you must continue your deliberations to determine whether or not the Defendant, Josie Coe, is guilty of the lesser included offense of disorderly conduct." (Emphasis added.)

{¶ 58} The above instruction is somewhat similar to the instruction that the *Villa* court found to constitute an improper acquittal first instruction. The above instruction, however, also incorporates the "if you find" language that other appellate courts have concluded complies with *Thomas*. At this juncture, we find it unnecessary to determine whether the above instruction, standing alone, constitutes an improper acquittal-first instruction. Instead, we believe that the trial court's instruction to the jury as to how to complete the verdict forms, when coupled with the above instruction, constitutes an improper acquittal-first instruction. In instructing the jury how to complete the verdict forms, the trial quoted the verdict form, and included an interjection:

> " 'We, the undersigned jurors, upon the concurrence of all of our members' —a *verdict has to be unanimous in a criminal case*—'find that the Defendant, Josie Coe, is' —there's an asterisk and a blank line, right down here it says,

'insert in ink, either 'guilty' or 'not guilty' as you determine the case to be.'"
(Emphasis added.)

{¶ 59} Thus, from the above instructions it appears that a reasonable juror could be confused whether a unanimous not guilty verdict must be reached before the jury could consider the lesser included offense.[8] The distinguishing feature from the case at bar and the cases noted above that did not find the trial court's instructions to constitute improper acquittal-first instructions is that nowhere in any of those cases did the trial court suggest to the jury that a verdict must be unanimous. Moreover, we note that our review of the transcript reveals that the trial court did not include in its jury instructions the third paragraph of the Ohio Jury Instruction lesser-included-offense instruction regarding the jury's inability to agree on a verdict on the more serious offense and the jury's proper consideration of the lesser offense. While we recognize that jury instructions must be viewed as whole, we believe that the above isolated instruction tainted the jury's understanding of whether it had to unanimously agree on a verdict on the greater charge before considering the lesser charge.

{¶ 60} Thus, in the case sub judice we believe that a sufficient danger exists that the jury interpreted the above instruction to require a unanimous acquittal on the greater charge before it could consider the lesser charge. We therefore conclude that the trial court prejudicially erred when it instructed the jury that a verdict must be unanimous. Accordingly, based upon the foregoing reasons, we sustain appellant's second assignment of error.

III

{¶ 61} In her third assignment of error, appellant argues that she received ineffective assistance of counsel. Appellant contends that trial counsel was ineffective for failing to properly move for a Crim.R. 29(A) judgment of acquittal and for failing to object to the trial court's "acquittal-first" instructions. Reversal

---

8. Section 413.21 of the Ohio Jury Instructions, entitled "lesser included instruction," provides:

"You must consider the offense charged in the indictment. If you find that the state proved beyond a reasonable doubt all the essential elements of the offense of (the greater offense), your verdict must be guilty as charged.

"However, if you find that the state failed to prove beyond a reasonable doubt all the essential elements of (the greater offense), then your verdict must be not guilty of that offense; and in that event, you will continue your deliberations to decide whether the state has proved beyond a reasonable doubt all the essential elements of the lesser included offense of (the lesser offense).

"If all of you are unable to agree on a verdict of either guilty or not guilty of (the greater offense), then you will continue your deliberation to decide whether the state has proved beyond a reasonable doubt all the essential elements of the lesser included offense of (the lesser offense)."

of convictions on ineffective assistance requires that the defendant show, first, that counsel's performance was deficient and, second, that the deficient performance prejudiced the defense so as to deprive the defendant of a fair trial. *Strickland v. Washington* (1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674; *State v. Noling* (2002), 98 Ohio St.3d 44, 65, 781 N.E.2d 88; *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373. "To establish prejudice, 'the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different.'" *Tibbetts,* 92 Ohio St.3d at 164, 749 N.E.2d 226 (quoting *Bradley,* 42 Ohio St.3d 136, 538 N.E.2d 373, paragraph two of the syllabus); see, also, *Noling.*

{¶ 62} When a court reviews an ineffective-assistance-of-counsel claim, the court should remain mindful that the Sixth Amendment right to counsel protects "the fundamental right to a fair trial." *Strickland,* 466 U.S. at 684, 104 S.Ct. 2052, 80 L.Ed.2d 674. "A fair trial is one in which evidence subject to adversarial testing is presented to an impartial tribunal for resolution of issues defined in advance of the proceeding." Id., 466 U.S. at 685, 104 S.Ct. 2052, 80 L.Ed.2d 674. Thus, effective counsel is one who "plays the role necessary to ensure that the trial is fair," id., 466 U.S. at 685, 104 S.Ct. 2052, 80 L.Ed.2d 674, and "[t]he benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Id., 466 U.S. at 686, 104 S.Ct. 2052, 80 L.Ed.2d 674.

{¶ 63} Thus, counsel's performance may be found to be deficient if counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id., 466 U.S. at 687, 104 S.Ct. 2052, 80 L.Ed.2d 674; see, also, *Bradley,* paragraph two of the syllabus (stating that counsel's performance is deficient if it falls below an objective standard of reasonable representation); *State v. Peeples* (1994), 94 Ohio App.3d 34, 44, 640 N.E.2d 208 (stating that counsel's performance is deficient if it "raise[s] compelling questions concerning the integrity of the adversarial process"). To prove that counsel's deficient performance prejudiced the defense, a defendant must establish "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland,* 466 U.S. at 687, 104 S.Ct. 2052, 80 L.Ed.2d 674; see, also, *Bradley,* paragraph three of the syllabus ("To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different.").

{¶ 64} Moreover, when a reviewing court considers an ineffective-assistance-of-counsel claim, the reviewing court should not consider what, in hindsight, may

have been a more appropriate course of action. See *State v. Phillips* (1995), 74 Ohio St.3d 72, 85, 656 N.E.2d 643 (stating that a reviewing court must assess the reasonableness of the defense counsel's decisions at the time they are made). Rather, the reviewing court "must be highly deferential." *Strickland*, 466 U.S. at 689, 104 S.Ct. 2052, 80 L.Ed.2d 674. As the *Strickland* court stated, a reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Id., 466 U.S. at 689, 104 S.Ct. 2052, 80 L.Ed.2d 674; see, also, *State v. Hamblin* (1988), 37 Ohio St.3d 153, 524 N.E.2d 476, certiorari denied (1988), 488 U.S. 975, 109 S.Ct. 515, 102 L.Ed.2d 550 (stating that a properly licensed attorney is presumed competent and that the appellant bears the burden to establish counsel's ineffectiveness).

{¶ 65} With the foregoing principles in mind, we will now review appellant's arguments that trial counsel rendered ineffective assistance of counsel by (1) failing to move for a judgment of acquittal and (2) failing to object to the trial court's "acquittal first" instructions. First, we disagree with appellant that trial counsel's allegedly deficient performance in failing to move for a judgment of acquittal prejudiced appellant's case. As we stated under appellant's first assignment of error, the record contains sufficient evidence concerning the elements of escape. Trial counsel's failure to move for a judgment of acquittal would not have affected the outcome of the proceedings below and, therefore, appellant has not suffered prejudice.

{¶ 66} Second, inasmuch as we concluded that the trial court's "acquittal first" instructions constituted plain error, we find no need to consider whether trial counsel rendered ineffective assistance of counsel by failing to object to the instructions.

{¶ 67} Accordingly, based upon the foregoing reasons, we overrule appellant's third assignment of error. We hereby reverse the trial court's judgment and remand this matter for further proceedings.

Judgment reversed
and cause remanded for
further proceedings.

PETER B. ABELE, HARSHA and KLINE, JJ., concur.