{¶ 107} I must dissent, for I believe the trial court committed reversible error by giving an "acquit first" instruction to the jury. The court clearly departed from the standard announced in State v. Villa, where a nearly identical instruction was found to be an improper unanimous "acquit first" instruction.[4] As stated by the court:
 {¶ 108} "Had the trial court stopped there, we might agree with the state that the instruction did not expressly require the jury to unanimously agree on the rape charge before considering the gross sexual imposition charge. However, the trial court continued, stating, `The second Verdict Form you have — and again, you will not consider this — this second Verdict Formunless you find the Defendant Not Guilty of the offense of Rapeof a Person Under the Age of Thirteen.' (Emphasis added). This instruction clearly required the jury to acquit Villa on the rape charge before considering the gross sexual imposition charge. Thus, we agree with Villa that the trial court erred in giving an `acquittal first' instruction."[5]
 {¶ 109} In Villa, the jury subsequently submitted a question to the court during deliberations regarding whether a unanimous decision was required on the rape charge. The trial court clarified the law through a second instruction to the jury, and the Second District Court of Appeals ultimately unpheld the conviction based upon a lack of prejudice.[6]
 {¶ 110} However, following the reasoning in Villa, the Fourth District Court of Appeals, in State v. Coe, reversed a conviction based upon a nearly identical "acquit first" instruction.[7] The court noted in Coe:
 {¶ 111} "The distinguishing feature from the case at bar and the cases noted above that did not find the trial court's instructions to constitute improper acquittal-first instructions is that nowhere in any of those cases did the trial court suggest to the jury that a verdict must be unanimous. Moreover, we note that our review of the transcript reveals that the trial court did not include in its jury instructions the third paragraph of the Ohio Jury Instruction lesser-included-offense instruction regarding the jury's inability to agree on a verdict on the more serious offense and the jury's proper consideration of the lesser offense. While we recognize that jury instructions must be viewed as whole, we believe that the above isolated instruction tainted the jury's understanding of whether it had to unanimously agree on a verdict on the greater charge before considering the lesser charge."[8]
 {¶ 112} It is with reluctance that I advocate a reversal in this matter, due to the fact that appellant was ultimately placed on probation by the trial court and, thus, it is not probable the outcome would have been different had he been convicted on the lesser included charge.
 {¶ 113} However, the error by the trial court has tainted the jury proceedings. This court is not in a position to determine what course the jury would have taken had they been properly instructed in accordance with Ohio law. I, therefore, must reluctantly and respectfully dissent.
[4] State v. Villa, 2d Dist. No. 18868, 2002-Ohio-2939.
[5] (Emphasis in original.) Id. at ¶ 37.
[6] Id. at ¶ 38-41.
[7] State v. Coe, 153 Ohio App.3d 44, 2003-Ohio-2732.
[8] Id. at ¶ 59.