{¶ 62} I respectfully concur with the majority's analysis and disposition of appellant's three assignments of error with the following exception.
 {¶ 63} The majority, in its analysis of appellant's first assignment of error, states, in paragraph 21, that, in order to preserve his challenge to sufficiency of the evidence, appellant was required to renew his Rule 29 Motion at the close of all the evidence. I disagree.
 {¶ 64} The Ninth District Court of Appeals, in State v. Thornton, Summit App. No. 231417, 2007-Ohio-3743, cited to this Court's decision in State v. Brown, Licking App. No. 2006-CA-53, 2007-Ohio-2205, in holding that the appellant, who did not renew her Crim. R. 29 motion at the close of the evidence, did not waive her right to argue sufficiency on appeal. In Brown, [1] this Court held, in relevant part, as follows: "In two apparently little-recognized cases, however, the Ohio Supreme Court stated that a failure to timely file a Crim. R. 29(A) motion during a jury trial does not waive an argument on appeal concerning the sufficiency of the evidence. See State v. Jones (2001),91 Ohio St.3d 335, 346, 744 N.E.2d 1163, State v. Carter (1992), 64 Ohio St.3d 218,223, 594 N.E.2d 595. In both Jones and Carter, the Ohio Supreme Court stated that the defendant's `not guilty' plea preserves his right to object to the alleged insufficiency of the evidence. Id. Moreover, because `a conviction based on legally insufficient evidence constitutes a denial of due process,' State v. Thompkins (1997), 78 Ohio St.3d 380,386-387, 678 N.E.2d 541, a conviction based upon insufficient evidence would almost always amount to plain error.' State v. Barringer, 11th Dist. *Page 22 
No. 2004-P-0083, 2006-Ohio-2649, at ¶ 59; State v. Coe (2003),153 Ohio App.3d 44, 48-49, 2003-Ohio-2732, at ¶ 19, 790 N.E.2d 1222, 1225-26." Id at paragraph 35.
 {¶ 65} Based on the foregoing, I would find that appellant did not waive his right to argue sufficiency on appeal. *Page 23 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Richland County Court of Common Pleas is affirmed. Costs assessed to Appellant.
[1] I note that, in Brown, the appellant never moved for a Crim. R. 29(A) judgment of acquittal at any point. *Page 1