[Cite as *State v. Schuyler*, 2012-Ohio-2801.]

# IN THE COURT OF APPEALS OF CLARK COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| Plaintiff-Appellee | : | C.A. CASE NO. 11CA0046 |
| vs. | : | T.C. CASE NO. 11CR0251 |
| JEREMY M. SCHUYLER | : | (Criminal Appeal from Common Pleas Court) |
| Defendant-Appellant | : | |

. . . . . . . . .

# O P I N I O N

**Rendered on the 22nd day of June, 2012.**

. . . . . . . . .

Andrew Wilson, Pros. Attorney; Lisa M. Fannin, Atty. Reg. No. 0082337, 50 E. Columbia St., 4th Flr., P.O. Box 1608, Springfield, Ohio 45501
    Attorneys for Plaintiff-Appellee

Brett A. Rinehart, Atty. Reg. No. 0081226, 150 N. Limestone Street, Suite 206, Springfield, Ohio 45502
    Attorney for Defendant-Appellant

. . . . . . . . .

**GRADY, P.J.:**

{¶ 1}  Defendant, Jeremy M. Schuyler, was convicted in the court of common pleas of Clark County following a jury trial of the offenses of Resisting Arrest and Obstructing Official business.  The court imposed concurrent sentences of six and twelve months, respectively.  Schuyler filed a notice of appeal.  He presents a single assignment of error for review.

ASSIGNMENT OF ERROR:

{¶ 2}  "THE DEFENDANT WAS DENIED HIS DUE PROCESS RIGHTS AS THE COURT ERRED TO APPELLANT'S PREJUDICE BY OVERRULING APPELLANT'S CRIMINAL RULE 29 MOTION FOR ACQUITTAL."

{¶ 3}  Evidence presented by the State in its case-in-chief demonstrated that the conduct forming the offenses of which Defendant was convicted took place on February 16, 2011, at a location identified as "Tecumseh High School."   The record demonstrates that after the State rested its case the following colloquy took place:

> MR. RINEHART:[1] Your Honor, I'd make a Rule 29 motion.  I don't believe that the State met its burden and put on record as to each of the elements of the offenses.

> MR. PICEK:[2] I think drawing all inferences in the light most favorable to the State, the State has proved its case for each of the elements.  As to the

---

[1] **Defense Counsel.**

[2] **Prosecutor.**

assault, I think Detective Roser examined the movement made by the defendant in detail and based on the situation too that you could infer that it would be an attempt to cause physical harm.

THE COURT: I think there's been enough evidence. That will be a question for the jury. Overrule the motion. Proceed, Mr. Rinehart. (Tr. 183-184).

{¶ 4} Defendant argues that the trial court erred when it denied his Crim.R. 29 motion for a judgment of acquittal because the State offered no evidence from which the jury could find that Tecumseh High School is located in Clark County, Ohio and/or that the conduct forming the two offenses of which he was convicted occurred in Clark County.

{¶ 5} Defendant relies on *State v. Bumpus*, 2d Dist. Clark No. 97CA0110, 1998 WL 771397 (Oct. 2, 1998), in which we held that because Section 10, Article I of the Ohio Constitution provides that criminal defendants are entitled to "a speedy public trial by an impartial jury of the county in which the offense is alleged to have been committed," the State must prove proper venue in order to obtain a conviction. Further, the standard of proof is beyond a reasonable doubt. *State v. Headley*, 6 Ohio St.3d 475, 453 N.E.2d 716 (1980). If the State fails to meet its burden, the defendant is entitled to a judgment of acquittal. *Bumpus*.

{¶ 6} The State argues that it did prove that Tecumseh High School is in Clark County through the following testimony of Michele Lucas:

{¶ 7} Q. What's your job?

{¶ 8} A. I'm the secretary for the main school at Tecumseh High School.

{¶ 9}  Q.   Which building do you work in there at the high school?   There's several buildings, I guess.   Are you in the main high school building?

{¶ 10}  A.   I'm in the main office, yes.

{¶ 11}  Q.   That's connected to where all the classrooms are?   That the great big building there --

{¶ 12}  A.   Yes.

{¶ 13}  Q.   – out on the U.S. 40?

{¶ 14}  A.   Yes.   (Tr. 51-52.)

{¶ 15} The State contends that because there is but one Tecumseh High School in southwestern Ohio, and that school is located at 9830 West National Road, in New Carlisle, Ohio, on U.S. Route 40, the jury could reasonably infer that Defendant's offenses took place in Clark County, Ohio.   We do not agree.   The record does not demonstrate that there is but one Tecumseh High School in Southwestern Ohio or what its address is.   Further, we take judicial notice of the fact that U.S. Route 40 extends the length of the State of Ohio, from its eastern to western boundaries, through eight counties, including two abutting Clark County. Testimony that Tecumseh High School in "the great big building there"   . . . "out on the U.S. 40" does not support an inference that Tecumseh High School is in Clark County.

{¶ 16} Once a defendant has exercised his right to seek a judgment of acquittal, the burden of persuasion is on the State to show that its evidence was sufficient.   However, the prosecutor cannot be expected to anticipate the specific legal and factual grounds upon which the defendant challenges the sufficiency of the State's evidence.   The prosecutor must know the grounds of the challenge in order to prepare his response, and the court must know the

grounds of the challenge in order to rule on the Crim.R. 29 motion and properly dispose of its merits.

{¶ 17}   The Crim.R. 29 motion Defendant made was too general to put the prosecutor and the court on notice of the venue issue Defendant raises for the first time on appeal. Further, the motion claimed that the State had failed to prove "each of the elements of the offenses" with which Defendant was charged.   In *State v. Draggo*, 65 Ohio St.2d 88, 90, 418 N.E. 2d 1342 (1981), the Supreme Court wrote:

> Venue is not a material element of any offense charged.   The elements of the offense charged and the venue of the matter are separate and distinct. *State v. Loucks* (1971), 28 Ohio App.2d 77, 274 N.E.2d 773, and *Carbo v. United States* (C.A.9, 1963), 314 F.2d 718.   Yet, in all criminal prosecutions, venue is a fact that must be proved at trial unless waived.   *State v. Nevius* (1947), 147 Ohio St. 263, 71 N.E.2d 258.

{¶ 18} Defendant didn't waive proof of venue, but neither did his Crim.R. 29 motion present the court with a basis to rule on the sufficiency of the State's evidence with respect to the issue of venue.   Had the motion identified that issue as the basis of the relief requested, the court could have allowed the State to reopen its case to offer evidence showing that the venue of the action was proper because Tecumseh High School is in   Clark County. Defendant may not reveal that issue as the basis of his motion for the first time on appeal. His failure to do so in the proceedings before the trial court waives his right to argue the particular error he assigns on appeal regarding the court's denial of his Crim.R. 29 motion.

{¶ 19} The assignment of error is overruled.   The judgment of the trial court will be

affirmed.

HARSHA, J., concurs.

(Hon. William H. Harsha, Fourth District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.)

FROELICH, J., concurring.

{¶ 20} I concur, based on the specific error assigned by the Appellant: the trial court erred by overruling the Crim.R. 29 motion for acquittal. I cannot say that the trial court erred as a matter of law when it denied the motion that the State had not "met its burden and put on the record as to each of the elements of the offenses." As the majority notes, venue is not a material element of the offense charged. Venue was never even intimated; the State responded to the oral motion with an argument about the evidence regarding the attempt to cause physical harm.

{¶ 21} At the same time, it is our duty in reviewing the denial of a Crim.R. 29 motion or an assignment of error that there was insufficient evidence, to determine whether, after reviewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *See, e.g.*, *State v. Crowley*, 2d Dist. Clark No. 2007-CA-99, 2008-Ohio-4636.

{¶ 22} A conviction based on legally insufficient evidence constitutes a denial of due process. *State v. Thompkins*, 78 Ohio St.3d 380, 386-387, 1997-Ohio-52, 678 N.E.2d 541. A defendant's "not guilty" plea preserves the right to object to the alleged insufficiency of the

evidence. *State v. Good*, 9th Dist. Wayne Nos. 10CA0056, 10CA0057, 2011-Ohio-5077, ¶ 26. A failure to file a timely Crim.R. 29(A) motion does not waive an argument on appeal concerning the sufficiency of the evidence. *State v. Jones*, 91 Ohio St.3d 335, 346, 2001-Ohio-57, 744 N.E.2d 1163; *State v. Carter*, 64 Ohio St.3d 218, 223, 1992-Ohio-127, 594 N.E.2d 595.[3] A fortiori, a vague or incomplete motion should not waive such an argument on appeal.

{¶ 23} The rationale for requiring a criminal defendant to timely and, perhaps, fully make a Crim.R. 29 motion is to call to the court's attention the alleged insufficiency of the evidence and allow the court to make an informed ruling granting or denying the motion (or, perhaps, allowing the lack of evidence to be corrected). *See, e.g.*, *Seven Hills v. Willits*, 8th Dist. Cuyahoga No. 75444, 1999 WL 1087484 (December 2, 1999). This places defense counsel in the Hobson's choice of either not raising the motion (and thus, perhaps, waiving it) or of raising the motion and giving the prosecutor the opportunity to reopen the case. And if reopening were freely granted, there would be no reason to make the motion until after the close of the case or after the verdict is returned or to not raise it at all until appeal.

{¶ 24} In *State v. Hibbler*, 2d Dist. Clark No. 2001-CA-43, 2002-Ohio-4464, _23, we cited *State v. Roe*, 41 Ohio St.3d 18, 535 N.E.2d 1351 (1989) and *State v. Knapp*, 2d Dist. Montgomery No. 18457, 2001 WL 62519 (Jan. 26, 2001) for the general rule that when a criminal defendant fails to make a Crim.R. 29 motion, the ability to challenge the sufficiency

---

[3] To what extent, if any, the recent case of *Easterly v. Volkman*, Supreme Court Slip Opinion No. 2012-Ohio-2179, is relevant to this discussion remains to be seen.

on appeal is waived. However, we did recognize that an appellate court may conduct a plain error review even absent a Rule 29 motion at trial. Id. Plain error does not exist unless, but for the error, the outcome of the trial would have been different. *State v. Moreland*, 50 Ohio St.3d 58, 552 N.E.2d 894 (1990).

{¶ 25} Subsequently, *State v. Coe*, 153 Ohio App.3d 44, 2003-Ohio-2732, 790 N.E.2d 1222 (4th Dist.) noted that the Ohio Supreme Court has never explicitly overruled the proposition that a criminal defendant's failure to timely file a Crim.R. 29 motion for acquittal waives a sufficiency of the evidence argument on appeal; however, the appellate court found it implicitly overruled by *State v. Jones*, 91 Ohio St.3d 335, 346, 2001-Ohio-57, 744 N.E.2d 1163, and *State v. Carter*, 64 Ohio St.3d 218, 223, 1992-Ohio-127, 594 N.E.2d 595. Id. at ¶19.

{¶ 26} Interesting, the court gave a hypothetical in which there is no evidence of venue and the defendant fails to timely file a Crim.R. 29 motion and waits until appeal to raise the sufficiency issue. *Coe* at ¶19, fn. 6, ¶b.

{¶ 27} Therefore, if the assignment were before us that there was insufficient evidence to sustain the verdicts based on lack of sufficient evidence concerning venue, we would have to determine if the alleged lack of sufficient evidence constituted plain error.

{¶ 28} Regardless, the issue of insufficiency as plain error is not before us.

. . . . . . . . .

**Copies mailed to:**

**Lisa M. Fannin, Esq.**
**Brett A. Rinehart, Esq.**
**Hon. Douglas M. Rastatter**