[Cite as *State v. Good*, 2011-Ohio-5077.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

STATE OF OHIO

     Appellee

     v.

ADAM GOOD

     Appellant

C.A. Nos.     10CA0056
                   10CA0057

APPEAL FROM JUDGMENT
ENTERED IN THE
WAYNE COUNTY MUNICIPAL COURT
COUNTY OF WAYNE, OHIO
CASE Nos.    CRB-10-08-1172
                  CRB-10-09-1218

DECISION AND JOURNAL ENTRY

Dated: October 3, 2011

---

BELFANCE, Presiding Judge.

{¶1} Adam Good appeals his convictions for domestic violence. For the reasons set forth below, we affirm.

I.

{¶2} On August 4, 2010, Mr. Good and his then girlfriend, Kally Braucher, were involved in an altercation in a WalMart parking lot. Three weeks later, Mr. Good and Ms. Braucher were involved in another altercation at Mr. Good's home. In both instances, police officers responded to reports of domestic violence.

{¶3} Mr. Good was charged with and, following separate bench trials, convicted of domestic violence in both instances. He has appealed his convictions, raising three assignments of error. The cases have been consolidated, and we rearrange his assignments of error for ease of discussion.

II.

## MANIFEST WEIGHT

{¶4} Mr. Good challenges both of his convictions as being against the manifest weight of the evidence. In reviewing a challenge to the weight of the evidence, the appellate court "must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Otten* (1986), 33 Ohio App.3d 339, 340.

{¶5} In reversing a conviction as being against the manifest weight of the evidence, "the appellate court sits as the 'thirteenth juror' and disagrees with the factfinder's resolution of the conflicting testimony." *State v. Thomas*, 9th Dist. Nos. 22990, 22991, 2006–Ohio–4241, at ¶8, citing *State v. Thompkins* (1997), 78 Ohio St.3d 380, 388. Accordingly, "this Court's 'discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.'" *Thomas* at ¶8, quoting *State v. Martin* (1983), 20 Ohio App.3d 172, 175.

{¶6} Both of Mr. Good's convictions were for violating R.C. 2919.25(A) by committing domestic violence. R.C. 2919.25(A) provides that "[n]o person shall knowingly cause or attempt to cause physical harm to a family or household member." "A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature." R.C. 2901.22(B). Mr. Good does not contest that Ms. Braucher, with whom he has a daughter and with whom he lives, is a family or household member under R.C. 2919.25(A). Instead, in both assignments of error, he alleges that

the trial court lost its way when it determined that he knowingly harmed or attempted to harm her.

**AUGUST 26, 2010, INCIDENT**

**ASSIGNMENT OF ERROR**

"DEFENDANT-APPELLANT'S CONVICTION FOR DOMESTIC VIOLENCE
WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

**{¶7}** In his sole assignment of error regarding his conviction stemming from the August 26, 2010, incident, Mr. Good alleges that his conviction is against the manifest weight of the evidence. He argues that Ms. Braucher's testimony that he struck her should not be believed because she did not remember details about the incident and because a third person, Justin Brannan, testified to a different set of events. Thus, he argues, the trial court's determination that he knowingly harmed or attempted to harm Ms. Braucher is against the manifest weight of the evidence.

**{¶8}** Mr. Good and Ms. Braucher started arguing because Mr. Good could not find the sugar for his cereal. Ms. Braucher had put it in the laundry room because it was too big for the kitchen cabinets. Mr. Good repeatedly degraded Ms. Braucher's intelligence for putting the sugar where she did.

**{¶9}** The argument continued as Mr. Good and Ms. Braucher moved into the living room where Mr. Brannan was sleeping on the couch. Ms. Braucher testified that, while they were in the living room, Mr. Good hit her in the head but that she could not remember whether it was with an open or closed fist. According to Ms. Braucher, after Mr. Good hit her, she hit him and then took her five-year-old daughter outside to wait for the bus.

**{¶10}** Mr. Good followed her outside and continued arguing with her. Ms. Braucher went back in the house to get away from Mr. Good and locked the door, but Mr. Good kicked the

door open. Ms. Braucher testified that, at some point after Mr. Good kicked in the door, he shoved her against a wall. She then took her daughter back outside to wait for the bus and, after the bus came, Ms. Braucher called 9-1-1 and began walking down the street.

{¶11} Mr. Brannan testified that he awoke to the sound of Mr. Good and Ms. Braucher fighting in the living room. He testified that he wanted to stay out of the argument, so he continued to lie on the couch, facing away from the fight. He said that he heard Ms. Braucher hit Mr. Good two times. However, he testified that he never heard Mr. Good kick in the door.

{¶12} Lieutenant James Henry of the Wayne County Sheriff's Office was the first responder to arrive on the scene. He testified that he found Ms. Braucher walking along the road. She told him that Mr. Good had hit her but that she was more concerned that he was planning to take the couple's one-year-old daughter. He drove Ms. Braucher back to the house where they found Mr. Brannan but not Mr. Good. Deputy Teresa Saurer arrived on the scene, and Lieutenant Henry walked around the house to see if he could find Mr. Good. He discovered Mr. Good hiding in the exterior stairwell leading down to the basement of the house.

{¶13} Ms. Braucher testified that Mr. Good hit her in the head and pushed her against a wall. Mr. Good argues that the fact that Ms. Braucher had difficulty remembering the sequence of events and specific details indicates that her testimony was not credible. He points to her testimony that she did not remember if Mr. Good struck her with a closed fist or open hand, nor whether she was seated on the couch or standing next to it when he struck her. He also points to the fact that she did not remember precisely when or how Mr. Good pushed her into a wall.

{¶14} This Court recognizes that Ms. Braucher's testimony was vague with regards to many of the details of the altercation. However, the law enforcement officers' testimony corroborated the basic parts of Ms. Braucher's account, and, furthermore, whether Mr. Good hit

Ms. Braucher with an open hand or a closed fist is less important than whether he hit her. While Mr. Brannan testified that he did not hear Mr. Good hit Ms. Braucher, instead testifying that he heard her hit Mr. Good, he also testified that he had been sleeping on the couch and that their fighting woke him up. It is unclear from his testimony how long Mr. Brannan was awake prior to hearing Ms. Braucher strike Mr. Good. Ms. Braucher testified that she had hit Mr. Good, but only after he had hit her. Given that it is unclear how long Mr. Brannan had listened to the fight prior to Ms. Braucher hitting Mr. Good, his testimony does not definitively contradict Ms. Braucher's testimony that Mr. Good hit her.

{¶15} Ms. Braucher testified that Mr. Good hit her on the head and pushed her into a wall. Lieutenant Henry testified that he observed a knot on Ms. Braucher's head and injuries on her neck, and Deputy Saurer testified that she observed the same injuries as well as injuries on the small of Ms. Braucher's back. Though Mr. Brannan testified that he never heard Mr. Good hit Ms. Braucher, he admitted that he was not awake for the entire incident, and, furthermore, his testimony did not expressly contradict Ms. Braucher's. Accordingly, after reviewing the entire record, we cannot say that the trial court lost its way to the extent that it determined that Mr. Good knowingly harmed or attempted to harm Ms. Braucher.

{¶16} Mr. Good's conviction for domestic violence stemming from the August 26, 2010, incident is not against the manifest weight of the evidence. His assignment of error is overruled.

## THE AUGUST 4, 2010, INCIDENT

## ASSIGNMENT OF ERROR II

"DEFENDANT-APPELLANT'S CONVICTION FOR DOMESTIC VIOLENCE
WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

{¶17} In his second assignment of error concerning the August 4, 2010, incident, Mr. Good alleges that his conviction for domestic violence was against the manifest weight of the evidence.

{¶18} On August 4, 2010, Mr. Good and Ms. Braucher got into an argument in the parking lot of a WalMart. Ms. Braucher testified that Mr. Good hit her at least once and that, after he hit her, she hit him back. She also testified that she thought Mr. Good hit her with a closed fist. Melissa Meinanger, a customer who was putting her groceries in her car, saw the incident from two parking aisles over. John Rinner, a truck driver waiting for a mechanic, also saw the fight. Ms. Braucher began to drive out of the parking lot but stopped. Ms. Meinanger and Mr. Rinner both testified that they then saw Mr. Good hit Ms. Braucher with a closed fist while she tried to defend herself. When Officer Matthew Cruise of the Wooster City Police Department arrived at the WalMart, he observed that Ms. Braucher's right wrist was swollen as was one side of her face.

{¶19} Mr. Good disputed these facts, testifying that he only hit Ms. Braucher after she repeatedly hit him. He testified that "she needed to calm down and * * * she [was] hitting [him] in the side of [his] head and * * * [he] just kind of pulled her head down and gave her a little knuckle on the top of her head[.]"

{¶20} Mr. Good argues that the trial court lost its way when it determined that Mr. Good had harmed Ms. Braucher. Mr. Good points outs that no evidence was presented to indicate that Ms. Braucher sought medical attention and that Ms. Braucher did not testify that she suffered any injuries. However, Officer Cruise testified that, when he arrived at the WalMart parking lot, he observed that the right side of Ms. Braucher's face was swollen as well as her right wrist and that Ms. Braucher complained of pain in both areas. Ms. Meinanger testified that she spoke with

Ms. Braucher after Mr. Good drove away and noticed that her face was red. While Mr. Good argues that this could have been because Ms. Braucher was crying, the trial court was not required to draw that inference. Furthermore, Ms. Meinanger and Mr. Rinner both testified that they saw Ms. Braucher attempting to shield her face with her hands while Mr. Good attempted to hit her with a closed fist. Officer Cruise's testimony concerning Ms. Braucher's slightly swollen face and wrist matches possible injuries one would expect based on the testimony of Ms. Meinanger and Mr. Rinner.

{¶21} Additionally, a person violates R.C. 2919.25(A) not only when knowingly harming a family or household member but also when knowingly attempting to harm them. Mr. Rinner and Ms. Meinanger both testified that they saw Mr. Good attempting to strike Ms. Braucher with a closed fist. Hitting someone with a closed fist is an action which is likely to cause harm. Accordingly, the trial court could have reasonably inferred that Mr. Good was knowingly attempting to harm Ms. Braucher.

{¶22} Mr. Good argues that the trial court should not have believed the testimony of Mr. Rinner and Ms. Meinanger over his own because they both admitted to not watching the altercation in its entirety and, therefore, they may have missed Ms. Braucher hitting him. To the extent that this argument is an attempt to justify his actions as self-defense, however, Mr. Good has not developed a self-defense argument, and, thus, that argument is not properly before us. See App.R. 12(A)(2); App.R. 16(A)(7). To the extent that this argument is made to undermine the credibility of Mr. Rinner and Ms. Meinanger, the fact that they testified that they did not watch every second of the incident does not indicate that their testimony concerning Mr. Good punching Ms. Braucher is not worthy of belief. Mr. Rinner, Ms. Meinanger, and Ms. Braucher

all testified that Mr. Good hit Ms. Braucher, which even Mr. Good admitted, and the trial court was entitled to believe their testimony.

{¶23} Thus, though Ms. Braucher did not testify that Mr. Good injured her, we cannot say, based on the testimony of Officer Cruise, Ms. Meinanger, and Mr. Rinner, that the trial court lost its way when it determined that Mr. Good knowingly harmed or attempted to harm Ms. Braucher. Accordingly, his conviction for domestic violence stemming from the August 4, 2010, incident is not against the manifest weight of the evidence. His second assignment of error is overruled.

## ASSIGNMENT OF ERROR I

"DEFENDANT-APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION"

{¶24} Mr. Good argues in his first assignment of error that his trial counsel was ineffective for failing to move for a judgment of acquittal because this waived his right to challenge the sufficiency of the evidence on appeal.

{¶25} In order to prevail on an ineffective assistance claim, a defendant "must show (1) deficient performance by counsel, i.e., performance falling below an objective standard of reasonable representation, and (2) prejudice, i.e., a reasonable probability that but for counsel's errors, the proceeding's result would have been different." *State v. Mundt*, 115 Ohio St.3d 22, 2007–Ohio–4836, at ¶62, citing *Strickland v. Washington* (1984), 466 U. S. 668, 687–688, 694.

{¶26} While Mr. Good argues that a Crim.R. 29 motion for acquittal is necessary to preserve the issue of sufficiency for review, this is an incorrect statement of law, see *State v. Johnson*, 9th Dist. No. 23515, 2007-Ohio-4133, at ¶5, citing *State v. Thornton*, 9th Dist. No. 23417, 2007-Ohio-3743, and we have previously rejected the argument that a trial counsel's

decision not to pursue the motion is deficient on this basis.  See *State v. Brooks*, 9th Dist. No. 07CA0111-M, 2008-Ohio-3723, at ¶43.

> "'In two apparently little-recognized cases [] the Ohio Supreme Court stated that a failure to timely file a Crim.R. 29(A) motion during a jury trial does not waive an argument on appeal concerning the sufficiency of the evidence.  See *State v. Jones* (2001), 91 Ohio St.3d 335, 346[]; *State v. Carter* (1992), 64 Ohio St.3d 218, 223[].  In both *Jones* and *Carter*, the Ohio Supreme Court stated that the defendant's 'not guilty' plea preserves his right to object to the alleged insufficiency of the evidence.  Id.  Moreover, because 'a conviction based on legally insufficient evidence constitutes a denial of due process,' [] *Thompkins*[], 78 Ohio St.3d [at] 386-387, [] a conviction based upon insufficient evidence would almost always amount to plain error.'  *State v. Barringer*, 11th Dist. No. 2004-P-0083, 2006-Ohio-2649, at ¶59; *State v. Coe* (2003), 153 Ohio App.3d 44, 48-49, 2003-Ohio-2732, at ¶19."  *State v. Brown*, 5th Dist. No. 2006-CA-53, 2007-Ohio-2005, at ¶35.

Accord *Thornton* at ¶¶13-14 (accepting and following *Brown*'s reasoning).  Thus, a Crim.R. 29 motion is not necessary to preserve the issue of sufficiency for appeal.  *Johnson* at ¶5; *Thornton* at ¶¶13-14.  Accordingly, Mr. Good is incorrect that his trial counsel's decision not to move for acquittal under Crim.R. 29 waived the issue of sufficiency on appeal.

{¶27}  Furthermore, when evaluating a sufficiency of the evidence claim, the relevant inquiry is whether the prosecution has met its burden of production by presenting sufficient evidence to sustain a conviction.  *Thompkins*, 78 Ohio St.3d at 390 (Cook, J., concurring).  In reviewing the evidence, we do not evaluate credibility and we make all reasonable inferences in favor of the State.  *State v. Jenks* (1991), 61 Ohio St.3d 259, 273.  The State's evidence is sufficient if "any reasonable trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."  Id.

{¶28}  As discussed above, Ms. Meinanger and Mr. Rinner testified that they saw Mr. Good hit Ms. Braucher with a closed fist.  Mr. Good admitted that he struck Ms. Braucher, and Officer Cruise testified that he observed swelling on Ms. Braucher's face and wrist.  Making all

reasonable inferences in favor of the State, there was sufficient evidence for the trial court to find that Mr. Good harmed or attempted to harm Ms. Braucher. Accordingly, even if a Crim.R. 29 motion were necessary to argue sufficiency on appeal, Mr. Good would be unable to demonstrate prejudice and, thus, fail to satisfy the second prong of the *Strickland* test. See *Mundt* at ¶62, citing *Strickland*, 466 U.S. at 687-688, 694.

{¶29} His first assignment of error with regards to the August 4, 2010, incident is overruled.

### III.

{¶30} Mr. Good's assignments of error are overruled. The judgments of the Wayne County Municipal Court are affirmed.

Judgments affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Wayne County Municipal Court, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
EVE V. BELFANCE
FOR THE COURT

CARR, J.
DICKINSON, J.
CONCUR

APPEARANCES:

BRIAN L. SUMMERS, Attorney at Law, for Appellant.

DANIEL R. LUTZ, Prosecuting Attorney, and LATECIA E. WILES, Assistant Prosecuting Attorney, for Appellee.