[Cite as *State v. Alston*, 2015-Ohio-4127.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| STATE OF OHIO | C.A. No. 14CA010612 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| ELIA ALSTON | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellant | CASE No. 12CR085630 |

DECISION AND JOURNAL ENTRY

Dated: October 5, 2015

MOORE, Judge.

{¶1} Appellant, Elia Alston, appeals his convictions by the Lorain County Court of Common Pleas. This Court affirms.

I.

{¶2} On a summer night in 2012, L.N. ran to her next door neighbor's house around midnight, knocked on the door, and ran inside. L.N. was frightened and appeared to have been attacked, so her neighbors called the police. L.N. was transported to the emergency room, and police searched for Mr. Alston, with whom she had been living and against whom a protection order had previously been issued. Mr. Alston was charged with felonious assault in violation of R.C. 2903.11(A)(1), domestic violence in violation of R.C. 2919.25(A), and violating a protection order in violation of R.C. 2919.27(A)(1). The charges were also accompanied by a repeat violent offender specification pursuant to R.C. 2941.149.

**{¶3}** A jury found Mr. Alston guilty of the charges, and the trial court found him to be a repeat violent offender. The trial court merged the convictions for felonious assault and domestic violence for purposes of sentencing and sentenced Mr. Alston to two years in prison. Mr. Alston appealed.

II.

**ASSIGNMENT OF ERROR I**

THE EVIDENCE WAS INSUFFICIENT AS A MATTER OF LAW TO SUPPORT A FINDING BEYOND A REASONABLE DOUBT THAT [MR. ALSTON] WAS GUILTY[.]

**{¶4}** Mr. Alston's first assignment of error is that there was insufficient evidence to demonstrate beyond a reasonable doubt that L.N. sustained serious physical harm. We disagree.

**{¶5}** "Whether a conviction is supported by sufficient evidence is a question of law that this Court reviews de novo." *State v. Williams*, 9th Dist. Summit No. 24731, 2009-Ohio-6955, ¶ 18, citing *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). The relevant inquiry is whether the prosecution has met its burden of production by presenting sufficient evidence to sustain a conviction. *Thompkins*, at 390 (Cook, J., concurring). In reviewing the evidence, we do not evaluate credibility, and we make all reasonable inferences in favor of the State. *State v. Jenks*, 61 Ohio St.3d 259, 273 (1991). The State's evidence is sufficient if it allows the trier of fact to reasonably conclude that the essential elements of the crime were proven beyond a reasonable doubt. *Id*.

**{¶6}** Mr. Alston was convicted of domestic violence in violation of R.C. 2919.25(A), which prohibits any person from knowingly causing or attempting to cause physical harm to a family or household member. In his merit brief, he combined his sufficiency argument to include both domestic violence and felonious assault, arguing that both charges required the state to prove

"serious physical harm." On its face, R.C. 2919.25(A) does not require the State to prove that a victim suffered *serious* physical harm, so Mr. Alston's argument with respect to his domestic violence conviction is misplaced.

{¶7} He was also convicted of felonious assault in violation of R.C. 2903.11(A)(1), which provides that "[n]o person shall knowingly * * * [c]ause serious physical harm to another or to another's unborn[.]" "'Physical harm to persons' means any injury, illness, or other physiological impairment, regardless of its gravity or duration." R.C. 2901.01(A)(3). Under R.C. 2901.01(A)(5), "serious physical harm to persons" is defined as:

 (a) Any mental illness or condition of such gravity as would normally require hospitalization or prolonged psychiatric treatment;

 (b) Any physical harm that carries a substantial risk of death;

 (c) Any physical harm that involves some permanent incapacity, whether partial or total, or that involves some temporary, substantial incapacity;

 (d) Any physical harm that involves some permanent disfigurement or that involves some temporary, serious disfigurement;

 (e) Any physical harm that involves acute pain of such duration as to result in substantial suffering or that involves any degree of prolonged or intractable pain.

The State need not present expert medical testimony to demonstrate serious physical harm, and it can be inferred when the victim's injuries are serious enough that the victim seeks medical treatment. *State v. Higgins*, 9th Dist. Summit No. 26120, 2012-Ohio-5650, ¶ 17.

{¶8} In this case, the jury could reasonably conclude that the State proved beyond a reasonable doubt that L.N. sustained serious physical harm. L.N.'s neighbor testified that L.N. knocked on her door and ran into her house around midnight. According to the neighbor, L.N. was "bloody" and "hysterically scared." She also described L.N.'s appearance, noting that "her eye was swollen shut. It seemed like she was missing teeth. She had knuckle imprints on her face." Officer Eli Andujar, the first responder to the scene, provided a similar description. He

recalled that L.N.'s appearance was "just bludgeoned," and he testified that "She was bleeding. Her eyes were closed shut. It appeared she had either a slap mark or a fist mark on the right side of her face and her left eye was totally closed." Officer Andujar also observed that L.N. "was bleeding from her mouth" and "was in a total disarray." In Officer Andujar's opinion, L.N. "definitely * * * needed * * * emergency help." Photographs taken by officers at the scene and admitted into evidence vividly confirm the extent of the injuries to L.N.'s face. Following the incident, L.N. was admitted to the hospital.

{¶9} The testimony of the witnesses who observed the extent of L.N.'s injuries at trial, along with the photographs that depict those injuries, are sufficient to permit a trier of fact to reasonably conclude that she suffered serious physical harm. Mr. Alston's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

[MR. ALSTON'S] CONVICTION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE[.]

{¶10} Mr. Alston's second assignment of error is that the jury's conclusion that he is the person responsible for the attack on L.N. is against the manifest weight of the evidence. We disagree.

{¶11} When considering whether a conviction is against the manifest weight of the evidence, this Court must:

review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.

*State v. Otten*, 33 Ohio App.3d 339, 340 (1986). A reversal on this basis is reserved for the exceptional case in which the evidence weighs heavily against the conviction. *Id.*, citing *State v.*

*Martin*, 20 Ohio App.3d 172, 175 (1st.Dist.1983). In our analysis, we are mindful that "[c]ircumstantial evidence and direct evidence inherently possess the same probative value[.]" *Jenks*, 61 Ohio St.3d at paragraph one of the syllabus.

{¶12} At trial, a neighbor testified that L.N. ran to her house in a state that she described as "hysterically scared" and said, "[h]e's trying to kill me." The neighbor recalled that as she hurried L.N. into the kitchen to call the police, Mr. Alston approached the house and tried to enter. The police officers who responded testified that Mr. Alston fled the scene thereafter and that when they searched his residence, they found it empty. Police photographs admitted into evidence depict the extent of L.N.'s injuries and that fact that they were recently inflicted at the time the photographs were taken. Another photograph, taken to document the condition of her hands in case it was alleged that she had been an aggressor in a physical conflict, depicts no injuries.

{¶13} Mr. Alston has argued that the injuries sustained by L.N. were not inflicted by him, but by an unknown woman with whom she had a fight in a bar. Mr. Alston testified in his own defense and stated that he allowed L.N. to live with him despite the protection order against him because she did not have anywhere else to go. He testified that on the day of the attack, she bought supplies to dye her hair and was gone when he returned home from work. According to Mr. Alston, L.N. got home after midnight, told him that she had gotten into a fight with some women at a bar, then ran next door when he tried to leave the house to get away from her. Mr. Alston testified that he fled because he knew that he was in violation of the protection order. He recalled that L.N. was intoxicated, the single point at which his testimony is consistent with that

of Officer Andujar.

{¶14} Three of Mr. Alston's family members also testified, although none of them witnessed the attack or had any interaction with L.N. immediately after. Mr. Alston's sister testified that two weeks later, L.N. told her that she got into a fight at a bar. His cousin, on the other hand, testified that one week later, L.N. told him that she fell while she was at a bar. Another cousin testified that Mr. Alston sometimes walked away from L.N. during a conflict.

{¶15} This Court has reviewed the entire record in light of the credibility of the witnesses, several of whom are related to Mr. Alston and some of whom have extensive criminal records in their own right. Given the evidence at trial, we cannot conclude that this is the exceptional case in which a new trial is warranted. Mr. Alston's second assignment of error is overruled.

## ASSIGNMENT OF ERROR III

[THE] TRIAL COURT ERRED IN ADMITTING VICTIM'S MEDICAL RECORDS AND THE HEARSAY WITHIN THE RECORDS.

{¶16} In his third assignment of error, Mr. Alston argues that the trial court erred by admitting L.N.'s medical records to the extent that they contained hearsay statements describing the extent of her injuries and implicating him as the perpetrator. We disagree.

{¶17} Under Evid.R. 803(6), business records are excepted from the hearsay rule. Mr. Alston does not dispute that the medical records at issue were adequately authenticated or that they are business records, but he maintains that the Court erred nonetheless in admitting the records without the accompanying testimony of the medical professionals responsible for the diagnoses contained therein. Mr. Alston has not directed this Court to any authority for the proposition that the properly authenticated business records of a hospital must be accompanied by expert testimony. To the contrary, this Court has concluded that properly authenticated medical records are admissible as business records under Evid.R. 803(6) without offending a defendant's right to

confront witnesses because those records are not testimonial in nature. *State v. Tolbert*, 9th Dist. Summit No. 24958, 2010-Ohio-2864, ¶ 12. Regardless, we observe that as set forth in our discussion of Mr. Alston's first assignment of error, the State presented sufficient evidence to establish serious physical harm even without consideration of L.N.'s medical records.

**{¶18}** Mr. Alston has also argued that statements made by L.N. to her medical providers that identified him as the perpetrator should not have been admitted. Evid.R. 803(4) provides that "[s]tatements made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment" are exceptions to the hearsay rule. While this exception does not permit the admission of any and all statements made during a medical examination, this Court has concluded that statements made by a victim of domestic violence in the course of emergency treatment fall within the medical records exception of Evid.R. 803(4). *State v. Flowers*, 9th Dist. Summit No. 25841, 2012-Ohio-3783, ¶ 23-25.

**{¶19}** Mr. Alston's third assignment of error is overruled.

## ASSIGNMENT OF ERROR IV

[MR. ALSTON] WAS NOT AFFORDED THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL IN VIOLATION OF THE SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION[.]

**{¶20}** In his final assignment of error, Mr. Alston argues that he received ineffective assistance of counsel because his attorney failed to introduce into evidence a letter purportedly written by L.N. Mr. Alston's ineffective assistance argument cannot be determined in the context of a direct appeal.

**{¶21}** When an appellant argues that trial counsel was ineffective based on evidence that is outside the trial court record, it is "impossible" for this Court to determine the merits of the

argument. *State v. Gibson*, 69 Ohio App.2d 91, 95 (8th Dist.1980). Such arguments are more appropriately raised by means of a petition for postconviction relief. *Id.* Mr. Alston's ineffective assistance argument relies entirely on the purported contents of a letter that was referenced in passing during one witness's testimony but not admitted into evidence at trial. As such, he cannot demonstrate whether trial counsel was ineffective in the context of this appeal. *Id.*

{¶22} Mr. Alston's fourth assignment of error is overruled.

III.

{¶23} Mr. Alston's assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
CARLA MOORE
FOR THE COURT

HENSAL, P. J.
SCHAFER, J.
CONCUR.

APPEARANCES:

KARRI A. KING, Attorney at Law, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and NATASHA RUIZ GUERRIERI, Assistant Prosecuting Attorney, for Appellee.