[Cite as *State v. Consilio*, 2017-Ohio-7913.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

v.

CRAIG R. CONSILIO

    Appellant

C.A. No.     28409

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     CR 2015 10 3325 (A)

DECISION AND JOURNAL ENTRY

Dated: September 29, 2017

SCHAFER, Presiding Judge.

{¶1} Defendant-Appellant, Craig Consilio, appeals his convictions in the Summit County Court of Common Pleas. For the reasons that follow, we affirm.

I.

{¶2} On October 22, 2015, at approximately 6:00 pm, a motor vehicle accident occurred at 849 Vernon-Odom Boulevard, Akron, Summit County, Ohio. Upon arriving at the scene, the officers observed a vehicle flipped-over in the front yard. Syringes and heroin were later found in the vehicle by a responding officer. Consilio admitted to a responding officer that he was the driver of the vehicle. Consilio and a passenger, S.W., were ultimately taken to the hospital. For diagnostic purposes the hospital took blood and urine samples from Consilio. The urinalysis detected amphetamine, cocaine, opiate, and THC.

{¶3} The Summit County Grand Jury subsequently indicted Consilio on the following charges: (I) operating a vehicle under the influence of alcohol or drugs in violation of R.C.

4511.19(A)(1)(a), a felony of the third degree; (II) operating a vehicle under the influence of alcohol or drugs in violation of R.C. 4511.19(A)(2), a felony of the third degree; (III) possession of heroin in violation of R.C. 2925.11(A)(C)(6), a felony of the fifth degree; (IV) driving under suspension in violation of R.C. 4510.11, a misdemeanor of the first degree; and (V) aggravated possession of drugs in violation of R.C. 2925.11(A)(C)(1), a felony of the fifth degree. Consilio pleaded not guilty and the matter proceeded through the pre-trial process. The Summit County Grand Jury later indicted Consilio on a supplemental indictment adding specifications to counts I and II, alleging that Consilio had previously been convicted of or pled guilty to five or more offenses involving operating under the influence as defined in R.C. 4511.181, in violation of R.C. 2941.1413. Consilio pleaded not guilty to the charges in the supplemental indictment and the matter continued through the pre-trial process. Following a two day trial, a jury found Consilio guilty of Counts I, III, and IV, and not guilty of Count II. The jury further found Consilio guilty of the specification on Count I. The trial court sentenced Consilio according to law.

{¶4} Consilio filed this timely appeal, raising three assignments of error for our review.

II.

**Assignment of Error I**

**The trial court committed prejudicial error by denying [Consilio]'s motion to suppress and thereby violating Consilio's Fourth and Fourteenth Amendment Rights and Article I, Section 14 of the Ohio Constitution against unreasonable searches and seizures [].**

{¶5} In his first assignment of error, Consilio contends that the trial court committed plain error by denying his motion to suppress since the State failed to present evidence to show that the drug screens taken by the hospital substantially complied with R.C. 4511.19(D)(1) and OAC 3701-53-05(F). We disagree.

**{¶6}** Among other arguments, Consilio argued in his motion to suppress that his blood sample must be suppressed because "[t]he police and the hospital failed to comply with [Ohio Adm. Code 3701-53] when drawing [Consilio]'s bodily fluids." However, as the grand jury did not indict Consilio with any charges relating to his blood alcohol or drug content, the suppression hearing was limited to other allegations in his motion to suppress. On appeal, Consilio argues that the trial court limited the suppression hearing based upon an incorrect statement of law made by the State. Specifically, the prosecutor indicated that he intended to use Consilio's medical records at trial and stated that pursuant to R.C. 4511.19(D)(1)(a) the results of any urine or blood draw may be presented at trial with expert testimony, but "is not subject to the substantial compliance standard, or the Ohio Administrative Code in collecting the blood or urine" when the defendant is not charged with operating a vehicle despite having a concentration of alcohol or drugs in his blood, breath or urine. *See* R.C. 4511.19(A)(1)(b)-(j); *see also State v. Persinger*, 3d Dist. Marion No. 9-15-10, 2016-Ohio-858, ¶ 18, citing *State v. Davenport*, 12th Dist. Fayette No. CA2008-04-011, 2009-Ohio-557, ¶ 16; *See State v. Mendoza*, 6th Dist. Wood No. WD-10-008, 2011-Ohio-1971; *State v. Carr*, 11th Dist. Lake No. 2012-L-001, 2013-Ohio-737, ¶ 65; *see also State v. Oliver*, 9th Dist. Summit No. 25162, 2010-Ohio-6306, ¶ 16 (recognizing the 12th District's holding in *Davenport*, but distinguishing that case because the State in *Oliver* did not present evidence that the blood was analyzed at a health care provider as required by R.C. 4511.19(D)(1)(a)).

**{¶7}** Nonetheless, Consilio did not object to this limitation and agreed with the State's and the trial court's interpretation of R.C. 4511.19(D)(1)(a). Therefore, he has forfeited all but plain error. *See State v. Diar*, 120 Ohio St.3d 460, 2008-Ohio-6266, ¶ 91. Plain error may only be invoked where the following three elements exist:

First, there must be an error, i.e., a deviation from the legal rule. * * * Second, the error must be plain. To be "plain" within the meaning of Crim.R. 52(B), an error must be an "obvious" defect in the trial proceedings. * * * Third, the error must have affected "substantial rights" * * * [and] affected the outcome of the trial.

(Internal citations omitted.) *State v. Barnes*, 94 Ohio St.3d 21, 27, (2002). Nonetheless, plain error "is to be taken with the utmost caution, under exceptional circumstances, and only to prevent a manifest miscarriage of justice." *State v. Long*, 53 Ohio St.2d 91 (1978), paragraph three of the syllabus.

{¶8} However, a review of the medical records shows no indication that Consilio's blood was even tested for drugs of abuse, let alone that the blood test detected any drugs of abuse. Although the medical records do indicate that a urine drug screen conducted by the hospital for diagnostic purposes did detect drugs of abuse, Consilio did not challenge the urinalysis in his motion to suppress. Further, a review of the trial transcript shows that he stipulated to the authenticity and identity of his medical records at trial. Accordingly, we conclude that Consilio cannot show that outcome of the trial was affected by the trial court's denial of his motion to suppress as it pertains to the blood screen.

{¶9} Therefore, Consilio's first assignment of error is overruled.

**Assignment of Error II**

**Mr. Consilio was denied his right to effective assistance of counsel guaranteed under the Sixth Amendment to the U.S. Constitution and Article I, Sections 1, 10 & 16 of the Ohio Constitution.**

{¶10} In his second assignment of error, Consilio contends he received ineffective assistance of counsel because his trial counsel failed to challenge the blood and urine screens during the hearing on his motion to suppress, failed to argue in support of two Crim.R. 29 motions, and failed to effectively communicate with him regarding plea negotiation and trial preparation.

**{¶11}** In order to prevail on a claim of ineffective assistance of counsel, Consilio "must establish (1) that his counsel's performance was deficient to the extent that 'counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment' and (2) that but for his counsel's deficient performance the result of the trial would have been different." *State v. Velez*, 9th Dist. Lorain No.13CA010518, 2015-Ohio-642, ¶ 18, quoting *Strickland v. Washington*, 466 U.S. 668, 687 (1984). This court need not address both prongs of the *Strickland* test if it should find Consilio failed to prove either prong. *State v. Ray*, 9th Dist. Summit No. 22459, 2005-Ohio-4941, ¶ 10.

**{¶12}** In this case, Consilio's trial counsel filed a motion to suppress the blood sample, but failed to challenge the urine the test. Nonetheless, as discussed above, Consilio's trial counsel conceded that pursuant to R.C. 4511.19(D)(1)(a), the results of any urine or blood draw may be presented at trial with expert testimony and is not subject to the Ohio Administrative Code standards when the defendant is not charged with operating a vehicle despite having a concentration of alcohol or drugs in his blood, breath or urine. As such, Consilio's counsel did not challenge either test during the suppression hearing.

**{¶13}** Even assuming without concluding that Consilio's trial counsel was ineffective for failing to sufficiently challenge his blood and urine screens, he cannot show that he was prejudiced. "Prejudice is shown when the defendant proves 'that there exists a reasonable probability that, were it not for counsel's errors, the results of the trial would have been different.'" *State v. Snider*, 9th Dist. Lorain No. 16CA010931, 2017-Ohio-2795, ¶ 6, quoting *State v. Bradley*, 42 Ohio St.3d 136 (1989), paragraph three of three syllabus. "To establish ineffective assistance of counsel for failure to file a motion suppress, a defendant must prove that there was a basis to suppress the evidence in question." *State v. Brown*, 115 Ohio St.3d 55,

2007-Ohio-4837, ¶ 65. However, "[e]ven if there is a reasonable probability that the motion would have been granted, the failure to pursue it cannot be prejudicial unless there is also a reasonable probability that, without the excluded evidence, the defendant would have been acquitted." *State v. Rucker*, 9th Dist. Summit No. 25081, 2010-Ohio-3005, ¶ 46, citing *State v. Madrigal*, 87 Ohio St.3d 378, 389 (2000).

{¶14} Consilio was charged with operating a vehicle under the influence of drugs in violation of R.C. 4511.19(A)(1)(a). That statutes states, "[n]o person shall operate any vehicle * * * if, at the time of the operation * * * [t]he person is under the influence of alcohol, drugs of abuse, or a combination of them." This Court has previously explained the evidence necessary to support a conviction pursuant to R.C. 4511.19(A)(1)(a) in the following way:

> In [OVI] prosecutions, the state is not required to establish that a defendant was actually impaired while driving, but rather, need only show impaired driving ability. *State v. Zentner,* 9th Dist. Wayne No. 02CA0040, 2003–Ohio–2352, ¶ 19, citing *State v. Holland,* 11th Dist. Portage No. 98–P–0066 (Dec. 17, 1999). "To prove impaired driving ability, the state can rely on physiological factors (e.g., odor of alcohol, glossy or bloodshot eyes, slurred speech, confused appearance) to demonstrate that a person's physical and mental ability to drive was impaired." *Holland, [supra],* citing *State v. Richards,* 11th Dist. Portage No. 98–P–0069 (Oct. 15, 1999). [ ] Furthermore, "[v]irtually any lay witness, without special qualifications, may testify as to whether or not an individual is intoxicated." *Zentner* at ¶ 19, quoting *State v. DeLong,* 5th Dist. Fairfield No. 02CA35, 2002–Ohio–5289, ¶ 60." *State v. Slone,* 9th Dist. Medina No. 04CA0103–M, 2005–Ohio3325, ¶ 9; *see, also, State v. Standen,* 9th Dist. Lorain No. 05CA008813, 2006–Ohio–3344, ¶ 18.

*State v. Peters,* 9th Dist. Wayne No. 08CA0009, 2008–Ohio–6940, ¶ 5.

{¶15} A.T. testified that she was driving on Vernon-Odom Boulevard when she observed the vehicle in front of her swerve to the left and crash. She stated she did not "see cars coming towards us or other cars passing us. I kind of just stopped and noticed that the car really quickly went to the left and hit the pole and flipped in the air and came back down." After the accident she observed the male occupant of the vehicle to be "a little calm, quiet, maybe shocked

as well." She found his demeanor to be unusual "because it seemed like he was * * * trying to be secretive" since he walked off and sat on the curb and did not respond to anyone.

{¶16} Officer Farwell testified that he was the first officer to appear at the scene of the accident. Upon arrival, Officer Farwell observed the vehicle flipped on its side with no occupants. He stated that within the vehicle he observed syringes in plain view and during a later tow inventory, discovered heroin in a pack of cigarettes on the driver's side floorboard.

{¶17} Officers Fendenheim and Shaffer also testified that they observed the vehicle flipped on its side. Officer Fendenheim stated that after witnesses advised him that Consilio was the driver, he asked Consilio if he was in fact the driver of the vehicle. Although Consilio initially denied being the driver he ultimately admitted to driving the vehicle and stated that he had swerved to avoid hitting another car. Officer Fendenheim also testified that he observed that Consilio's speech was slow and slurred, his movements were slow and he was staggering, and that his pupils were constricted. Based upon these observations and his training and experience, Officer Fendenheim believed Consilio was under the influence of heroin.

{¶18} S.W. testified that she was the front seat passenger of the vehicle when the accident occurred. She stated that she had fallen asleep and awoke when the vehicle began to flip. She further stated that witnesses tipped the vehicle on its side to get her out and that she believed Consilio had been ejected from the vehicle during the accident. S.W. also stated that Consilio asked her to tell the police that he was not driving. S.W. admitted that she had methamphetamine on her person at the time of the accident, but that the heroin and syringes found in the vehicle were not hers.

{¶19} In addition to the testimony presented by the State, Consilio testified on his own behalf. During that testimony, he stated that he did not remember driving the vehicle and that he

awoke in the backseat of the car. However, during cross-examination, Consilio specifically stated that was not disputing that he was the driver of the vehicle. He also stated that he did not remember asking S.W. to tell the police he was not driving, nor did he remember initially telling Officer Fendenheim that he was not the driver and then admitting to the officer that he was in fact the driver of the vehicle. Consilio further testified that he never saw the heroin that was found in the vehicle and that he had only learned about it through the proceedings related to this case. He also admitted that he has five prior convictions for driving under the influence, but stressed that those convictions were all related to being under the influence of alcohol.

{¶20} Based upon the above testimony, we conclude that even if the trial court had excluded Consilio's blood and urine tests, there is not a reasonable probability that Consilio would have been acquitted. *See Rucker*, 2010-Ohio-3005 at ¶ 46, citing *Madrigal*, 87 Ohio St.3d at 389 (2000).

{¶21} Likewise, Consilio has not shown that he was prejudiced by his trial counsel's failure to make an argument in support on his Crim.R. 29 motions. First, "a Crim.R. 29 motion is not necessary to preserve the issue of sufficiency for appeal." *State v. Good*, 9th Dist. Wayne Nos. 10CA0056, 10CA0057, 2011-Ohio-5077, ¶ 26, citing *State v. Johnson*, 9th Dist. Summit No. 23515, 2007-Ohio-4133, ¶ 5; *State v. Thornton*, 9th Dist. Summit No. 23417, 2007-Ohio-3743, ¶ 13-14. Second, the relevant inquiry when a court considers the sufficiency of the evidence "is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus. Thus, "[i]n viewing the above evidence in a light most favorable to the State, [Consilio's] Crim.R. 29 motion[s], no matter how persuasive, clearly would have been denied." *State v.*

*Slater*, 9th Dist. Summit No. 28049, 2016-Ohio-7766, ¶ 12. Third, although Consilio contends that "there were numerous arguments that could have been made" on his behalf he does not state what arguments could have been made and we decline to speculate what those arguments may be. *See* App.R. 16(A)(7).

**{¶22}** Finally, Consilio's contention that his trial counsel was ineffective due to his failure to effectively communicate with him concerning plea negotiations and trial strategy is based upon conversations that are not in the record. "This is problematic because '[w]hen an appellant argues that trial counsel was ineffective based on evidence that is outside of the trial court record, it is "impossible" for this Court to determine the merits of the argument.'" *State v. Price*, 9th Dist. Medina, No. 14CA0070-M, 2015-Ohio-5043, ¶ 35, quoting *State v. Alston*, 9th Dist. Lorain No. 14CA010612, 2015-Ohio-4127, ¶ 21. Accordingly, such a claim is "more appropriately raised in a postconviction relief motion." *State v. Webb*, 9th Dist. Summit No. 27424, 2015-Ohio-2380, ¶ 44, citing *State v. West*, 9th Dist. Summit No. 25434, 2011-Ohio-5476, ¶ 23. Thus, we cannot conclude that Consilio has demonstrated that his trial counsel was ineffective.

**{¶23}** Therefore, Consilio's second assignment of error is overruled.

### Assignment of Error III

**Mr. Consilio's convictions are against the manifest weight of the evidence possession [sic] in violation of the Due Process Clause of the 14th Amendment to the U.S. Constitution and Article I, Sections 1, 10 & 16 of the Ohio Constitution.**

**{¶24}** In his third assignment of error, Consilio contends that his conviction for operating a vehicle under the influence is against the manifest weight of the evidence. We disagree.

{¶25} To determine whether a criminal conviction is against the manifest weight of the evidence, we "must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist.1986). "Weight of the evidence concerns 'the inclination of the *greater amount of credible evidence*, offered in a trial, to support one side of the issue rather than the other.'" (Emphasis sic.) *State v. Thompkins*, 78 Ohio St.3d 380, 387 (1997). Nonetheless, "[a]n appellate court should exercise the power to reverse a judgment as against the manifest weight of the evidence only in exceptional cases." *State v. Carson*, 9th Dist. Summit No. 26900, 2013-Ohio-5785, ¶ 32, citing *Otten* at 340.

{¶26} In this case, Consilio was convicted of operating a vehicle under the influence of drugs under R.C. 4511.19(A)(1)(a), which provides that "[n]o person shall operate any vehicle * * * if, at the time of the operation * * * [t]he person is under the influence of alcohol, drugs of abuse, or a combination of them." Consilio contends that his conviction for operating a vehicle under the influence is against the manifest weight of the evidence because his blood and urine samples should have been suppressed, his speech and movement may have been altered by the vehicle accident, and neither officer observed him operating the vehicle.

{¶27} We note that prior to trial, Consilio stipulated to the authenticity and identity of his medical records. A review of those records shows that a toxicology report on a urine sample taken from Consilio after the automobile accident detected amphetamine, cocaine, opiate, and THC. Those records also state that Consilio did not lose consciousness and the only injury listed in the final diagnosis is a left forearm abrasion. Based on this evidence and the testimony

outlined above, we cannot say that the jury lost its way in this matter. *See Thompkins*, 78 Ohio St.3d at 387; *Otten*, 33 Ohio App.3d at 340. "This Court has repeatedly held that the trier of fact is in the best position to determine the credibility of witnesses and evaluate their testimony accordingly." *State v. Johnson*, 9th Dist. Summit No. 25161, 2010-Ohio-3296, ¶ 15. "[T]he jury is free to believe all, part, or none of the testimony of each witness.'" *State v. Clark*, 9th Dist. Wayne No. 14AP0002, 2015-Ohio-2978, ¶ 24, quoting *Prince v. Jordan*, 9th Dist. Lorain No. 04CA008423, 2004-Ohio-7184, ¶ 35. Moreover, "[a] verdict is not against the manifest weight of the evidence because the finder of fact chooses to believe the State's witnesses rather than the defendant's version of the events." *State v. Martinez*, 9th Dist. Wayne No. 12CA0054, 2013-Ohio-3189, ¶ 16.

**{¶28}** Therefore, Consilio's third assignment of error is overruled.

III.

**{¶29}** Consilio's assignments of error have been overruled. Accordingly, the judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the

period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

---

JULIE A. SCHAFER
FOR THE COURT

CARR, J.
TEODOSIO, J.
CONCUR.

APPEARANCES:

PAUL M. GRANT, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.